PER CURIAM.
Continental Casualty Company, an Illinois corporation, which was the defendant below, appeals from a final judgment entered pursuant to a jury verdict in favor of Krauss Air .Conditioning, Inc., a Florida corporation.
Krauss Air Conditioning, Inc., was a subcontractor on a construction contract in which Dworman Building Corporation was a prime contractor. Continental Casualty Company, the defendant below and appellant here, was the surety on a performance bond of Dworman Building Corporation.
The jury returned its verdict on May 13, 1964, in favor of the plaintiff in the sum of $54,734.80 plus interest in the sum of $684.-17.
The day after the jury verdict the plaintiff moved to fix and determine attorney’s fees as provided for by Section 627.0905, Florida Statutes, F.S.A. Something like a month thereafter, the defendant filed a motion to file five additional defenses based on events occurring after the jury trial. These were designated as defenses 6 through 10. These defenses all were based on a check in the sum of $54,734.80, which *486 was received by the plaintiff on May 20, 1964. The trial judge denied all of these defenses with the exception of the 10th, which was permitted on the ground of a partial payment, which was admitted by the plaintiff. The result of this was that the trial judge entered a final judgment awarding the plaintiff $684.17 and attorney’s fees in the amount of $6,927.37.
The appellant-defendant contends that the sum of money awarded as attorney’s fees exceeded the 12i/¿% of the amount of the judgment and therefore is not authorized by the statute.
If the defendant is correct in its interpretation of the statute, any time that there was a verdict against the insurance company all it would have to do to avoid paying substantial attorney’s fees would be to pay all of the jury verdict secured against it except a small amount, and then claim that a judgment should be entered only for the amount that remains, therefore cutting down the amount permissible as attorney’s fees.
If the trial court had proceeded at the time the appellee moved to fix and determine the attorney’s fees, as provided by the statute, the judgment would have been consummated upon the amount of the jury verdict plus interest and the amount of attorney’s fees awarded, which would have been within the 12i/¿% provided for by the statute. Then the check received in the sum of $54,734.80, subsequent to the judgment, would have been a payment in part of the judgment, leaving the amount of the interest plus attorney’s fees remaining unpaid.
We are of the view that the attorney’s fees awarded are proper under the factual situation that exists in this case.
Affirmed.
ALLEN, C. J., SHANNON, J., and PATTON, ROBERT W., Associate Judge, concur.