SCHEB, Judge.
Appellants/defendants CFW Construction Company, Inc. and Aetna Casualty & Surety Company assail the trial court’s award of damages and an attorney’s fee to appellee/plaintiff Richardson Electric Company in a breach-of-contract action. We find that the trial court’s award of damages was supported by the evidence, and we therefore affirm on this point. And though we agree that Richardson was entitled to an attorney’s fee, we reverse as to the amount of the fee assessed.
*855 By subcontract, Richardson agreed to perform the electrical work on a construction project in Riviera Beach where CFW was prime contractor. CFW posted a bond guaranteeing payment to the subcontractors, materialmen, and laborers on the project. Aetna was surety on the bond. After the project was finished a dispute arose as to the amount due Richardson under its subcontract, and Richardson brought suit against CFW and Aetna on the payment bond. The trial court entered judgment in favor of Richardson for $28,946.03, and additionally awarded Richardson an attorney’s fee of $6,500.
The authority for an award of an attorney’s fee in the instant case is found in § 627.756, Fla.Stat. (1975). Subsection (2) of this statute provides:
Section 627.428 (attorney fee) shall also apply as to suits brought by owners, subcontractors, laborers and material men against a surety insurer under payment or performance bonds written by the insurer under the laws of Florida to indemnify such owners, subcontractors, laborers and material men against pecuniary loss by breach of a building or construction contract; except, that the amount to be so recovered for fees or compensation of such a plaintiff’s attorney shall not be more than 12.5 percent of the amount which the judgment or decree awards such plaintiff under the bond (exclusive of the costs of suit and attorney fees or compensation) . . . (Emphasis supplied.)
By the plain language of this statute the legislature chose to limit assessment of an attorney’s fee to no more than 12V2% of the amount of the judgment.[1] Here the attorney’s fee awarded by the trial court amounted to more than 22% of the judgment. Therefore, the award was excessive and must be reversed. Nello L. Teer Co. v. Hollywood Golf Estates, Inc., 324 F.2d 669 (5th Cir. 1963); see generally Continental Casualty Co. v. Krauss Air Conditioning, Inc., 184 So.2d 485 (Fla. 2d DCA 1966).
Accordingly, we affirm the judgment but reverse as to the amount of the attorney’s fee. We remand to the trial court for entry of an order awarding an attorney’s fee in an amount not to exceed 12x/2% of the judgment.
GRIMES, C. J., and BOARDMAN, J., concur.

. Of course this statute concerns itself only with the assessment of an attorney’s fee by the court, and does not restrict an attorney from contracting with his client for a fee in excess of the statutory amount.