408 So.2d 1044 (1982)
JULIAN E. JOHNSON & SONS, INC., Petitioner,
v.
BALBOA INSURANCE CO., Respondent.
No. 58425.
Supreme Court of Florida.
January 14, 1982.
*1045 James L. Ade and Stephen H. Durant of Martin, Ade, Birchfield & Johnson, Jacksonville, for petitioner.
Donald E. Grincewicz of the Law Office of Carroll S. Barco, Orlando, for respondent.
McDONALD, Justice.
We review the opinion of the First District Court of Appeal in Balboa Insurance Co. v. Julian E. Johnson & Sons, Inc., 378 So.2d 801 (Fla. 1st DCA 1979), which directly conflicts with Midway Shopping Mall, Inc. v. Corky Corp., 257 So.2d 905 (Fla. 3rd DCA 1972), on the same point of law. Art. V, § 3(b)(3), Fla. Const. (1972).
Julian E. Johnson & Sons, Inc., is a paving subcontractor which engaged in paving work pursuant to a contract with Englishtown, Inc., the prime contractor on a project in Jacksonville, Florida. Englishtown purchased a bond from Balboa Insurance Company on behalf of the owner of the property pursuant to section 713.23, Florida Statutes (1977). After Englishtown failed to pay Johnson, Johnson sued Englishtown and Balboa and gained a judgment against them.
Johnson's complaint originally sought attorney's fees in accordance with the provisions of section 627.756, Florida Statutes (1977). After judgment, however, Johnson persuaded the trial judge that section 713.29 was applicable and secured an award for attorney's fees well in excess of the 12.5% limitation imposed by section 627.756. On appeal the First District reversed the award of attorney's fees on the authority of Snead Construction Corp. v. Langerman, 369 So.2d 591 (Fla. 1st DCA 1978).
The primary question is which statute applies when a contractor and his surety are sued for nonpayment under a construction contract. A related question is the award of attorney's fees for the enforcement of a mechanic's lien under chapter 713, Florida Statutes (1977).
Section 627.756 relating to the award of attorney's fees for the enforcement of construction bonds was originally codified as section 627.0905 in 1959. Section 713.29 relating to the award of attorney's fees for the enforcement of a lien became law in 1963. It would seem that any conflict between these two statutes should be resolved in favor of the later legislative enactment. Such resolution, however, requires the presence of two initial elements: a conflict between the two statutes and the lack of any legislative action to clarify the difference. Both elements are lacking in the present suit.
Section 627.756 applies to suits brought by owners, subcontractors, laborers, and materialmen against insurers under payment or performance bonds written to indemnify such persons against pecuniary loss by breach of a building or construction contract. It specifically fails to mention actions to enforce equitable or statutory liens in favor of these parties.[1]
*1046 Section 713.29, on the other hand, is expressly limited to "any action brought to enforce a lien under part I [Mechanic's Liens]."[2] This seems to indicate the legislature's intent to limit section 713.29 to the enforcement of liens arising under part I of chapter 713. Sections 713.02(6) and 713.23 of part I, relating to payment bonds, however, remove from part I owners who are protected by the required contractor's payment bonds. See Resnick Developers South, Inc. v. Clerici, Inc., 340 So.2d 1194 (Fla. 4th DCA 1976). Therefore, the provisions of part I relating to liens would not apply to an action on the bond.
In 1977 the legislature amended both of these statutes in a single piece of legislation so that the intent to harmonize them is self-evident.[3] Prior to 1977 section 627.756 contained two subsections. The first of these related to the type of bond, either performance or payment, and the percentage of contract price required to be covered. The 1977 amendment completely deleted the first subsection, leaving former subsection (2) as the present statute. The statute as thus amended relates solely to bonds for construction contracts and not to the enforcement of statutory liens.
With the same pen the legislature broadened section 713.29, allowing attorney's fees in both the trial and appeal stages and equating such fees to those allowed in equitable actions. No changes enlarged this section to cover attorney's fees for the prosecution of a construction bond. The clear meaning of addressing both sections in the same legislation is that the legislature intended each to be a separate action.
The action to allow for attorney's fees for enforcing surety bonds has been an effective device since its introduction. See Nello L. Teer Co. v. Hollywood Golf Estates, Inc., 324 F.2d 669 (5th Cir.1963), cert. denied, 377 U.S. 909, 84 S.Ct. 1169, 12 L.Ed.2d 178 (1964); CFW Construction Co., Inc. v. Richardson Electric Co., 364 So.2d 854 (Fla.2d DCA 1978); Continental Casualty Co. v. Krauss Air Conditioning, Inc., 184 So.2d 485 (Fla.2d DCA 1966). Clearly, if the legislature had intended to include the award of attorney's fees for the recovery on construction bonds in section 713.29, it could have done so when that section was first enacted or during the later amendment after several of the conflicting decisions had been decided.
The legislature's intent behind these two sections is clear. If a plaintiff files suit under part I of chapter 713 to enforce a lien, he may recover reasonable attorney's fees. There is a more involved notification and litigation process to enforce these statutory liens than when suit is on a simple indemnity contract. If a plaintiff sues to enforce his rights under a construction bond, such suit is normally brought against the main contractor and surety for breach of contract, and relief is limited to that granted in section 627.756. The determination of which statute controls should depend on the main cause of action. If the owner of the project is exempted from liability under part I of chapter 713 because of the contractor's bond, then the plaintiff's main cause of action will be on the bond even if a claim of lien is added in the alternative.
Johnson, arguing that reasonable legal fees are not limited by the statutory 12.5% cap, relies on the rationale adopted in Midway Shopping Mall, Inc. v. Corky Corp., 257 So.2d 905 (Fla.3d DCA 1972), and its progeny. In Midway the court construed the mechanic's lien law liberally so as to effectuate its purpose of giving materialmen and laborers the greatest possible protection.[4] *1047 It also based the decision on the specific wording of the surety contract. Neither of these reasons, however, provides a sound basis for construing section 713.29 to control in the face of section 627.756.
The First District's per curiam opinion in the present case cites Snead Construction Corp. v. Langerman, 369 So.2d 591 (Fla. 1st DCA 1978), as controlling. In Snead the court faced a similar factual situation and applied section 627.756. It described the interaction of several provisions of the insurance code as follows:
We agree with appellants that Section 627.756(2) is applicable. Section 624.13 of the Insurance Code states that the code's provisions regarding types of insurance, insurers or as to "a particular matter" prevail over all other such provisions. Sections 627.428 and 627.756 are within the insurance code, and Section 627.756 deals specifically with suits on performance or payment bonds against surety insurers to construction contracts. By mandate of Section 624.13, then, attorney's fees in suits by sub-contractors like appellee against a surety on a performance or payment bond are governed by the specific provisions in 627.756.
Id. at 594.
All five district courts of appeal have been asked to resolve this conflict in the statutes. At one time, three of those courts held that section 713.29 would control the present action.[5] Since that time, two of those courts have reversed their holdings[6] and joined the remaining two[7] in holding that, when suit is brought against the contractor and surety for enforcement of the surety bond, attorney's fees are limited to the 12.5% maximum imposed by section 627.756. The distinction is that section 713.29 relates to direct actions against the owner and the property through the legislatively created mechanic's lien statutes.
In Bankers & Shippers Insurance Co. of New York v. AIA Insulation Industries, Inc., 390 So.2d 734 (Fla. 4th DCA 1980), the subcontractor filed to foreclose his mechanic's lien and for breach of contract. The Fourth District found the plaintiff's recovery for breach of contract rather than lien and stated:
It would seem that, if the awards to the subcontractors resulted from the perfection and enforcement of mechanics liens, Section 713.29 should apply and the award of the attorneys' fees was proper. On the other hand, if the awards to the subcontractors arise out of a claim against the payment bond, the attorney's fee would be controlled by Section 627.756(2), Florida Statutes (1977).
Id. at 738. The court went on to comment on the effect of section 713.23 on section 713.29.
Section 713.29 provides for a reasonable attorney's fee "in any action brought to enforce a lien under Part I" of Chapter 713. Resnick, supra, held that the legal effect of furnishing a payment bond pursuant to 713.23 is to exempt the owner and the property from the provisions of Part I. The lien claimants [sic] cause of action is upon the bond rather than to enforce a lien under Part I. Thus, Section 627.756(2) should control the attorney's fees. Therefore, we find it is error *1048 to award attorneys' fees under Section 713.29, Florida Statutes (1977).
Id.[8]
In the present case subcontractor Johnson sued Englishtown, the general contractor, and its surety, Balboa Insurance Company, for nonpayment under the subcontractor's contract. Therefore, the main cause of action being the breach of contract and enforcement of the surety contract, Johnson is restricted to his section 627.756 award for attorney's fees. Further, in the complaint Johnson claimed entitlement to attorney's fees only under the provisions of section 627.756. It was not until the post-judgment motion to tax costs and award reasonable attorney's fees that section 713.29 was raised.
No attorney's fees can be granted except as provided by contract or statute. The statutory basis for attorney's fees against a company writing payment or performance bonds is provided by section 627.756. Given the authority to sue and collect, one must be bound by the legislative limitations placed thereon.
The district court opinion in the instant case is approved, and that in Midway is disapproved.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON and ALDERMAN, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] § 627.756(2) provided as follows:

(2) Section 627.428 (attorney fee) shall also apply as to suits brought by owners, subcontractors, laborers and material men against a surety insurer under payment or performance bonds written by the insurer under the Laws of Florida to indemnify such owners, subcontractors, laborers and material men against pecuniary loss by breach of a building or construction contract; except, that the amount to be so recovered for fees or compensation of such a plaintiff's attorney shall not be more than 12.5 percent of the amount which the judgment or decree awards such plaintiff under the bond (exclusive of the costs of suit and attorney fees or compensation), nor shall it be less than $100 where the judgment or decree is for more than $500 nor less than $50 where the judgment or decree is $500 or less. Such owners, subcontractors, laborers and material men shall be deemed to be "insureds" or "beneficiaries" for the purposes of this section.
[2] § 713.29 reads as follows:

In any action brought to enforce a lien under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his costs.
[3] Ch. 77-353, §§ 11, 17, Laws of Fla.
[4] The court in Midway relied upon the principle of liberal construction enunciated in Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969). The legislature abrogated that rule by enacting § 713.37, Fla. Stat. (1979). Ch. 77-353, § 15, Laws of Fla.
[5] Sainer Constructors, Inc. v. General Elec. Co., 352 So.2d 1237 (Fla.2d DCA 1977); Travelers Indem. Co. v. Howell & King, Inc., 336 So.2d 1 (Fla. 4th DCA), cert. denied, 341 So.2d 1086 (Fla. 1976); Midway Shopping Mall Inc. v. Corky Corp., 257 So.2d 905 (Fla.3d DCA 1972).
[6] Bankers & Shippers Ins. Co. of New York v. AIA Insulation Indus., Inc., 390 So.2d 734 (Fla. 4th DCA 1980) (receding from Travelers) and CFW Constr. Co. v. Richardson Elec. Co., 364 So.2d 854 (Fla.2d DCA 1978).
[7] Hegeman & Harris Co. v. All State Pipe Supply Co., 400 So.2d 1245 (Fla. 5th DCA 1981); Allied Gen. Contractors v. Superior Asphalt Co., 397 So.2d 727 (Fla. 5th DCA 1981); Snead Constr. Corp. v. Langerman, 369 So.2d 591 (Fla. 1st DCA 1978). Thus, the Third District now stands alone in its solution to the instant problem.
[8] As noted earlier, § 627.756(2) is the predecessor of current § 627.756.