HOBSON, Acting Chief Judge.
Philip Braceo, plaintiff below, appeals a final order rendered in favor of Antonio and Maria Cardozo, defendants below, dismissing his first amended complaint which sought to foreclose a mechanic’s lien. We reverse and remand.
On January 13, 1982, appellant filed a complaint against appellees, alleging that they owed him $25,333.49 under a direct contract for the construction of a single-family residence and that his contractor’s affidavit had been delivered to them on December 20, 1981. The contractor’s affidavit, a copy of which was attached to the complaint, stated in pertinent part:
Contractor represents that ah work to be performed under the aforesaid Contract has been fully completed and that all persons and firms who furnished material, labor and/or services incident to the completion of said work have been paid in full except the following:
NAME_ADDRESS AMOUNT DUE
JANSON ELECTRIC, INC., 925 Country Club Blvd. Cape Coral FL 33904 $1,520.00
After filing an answer and affirmative defenses, appellees filed a motion to dismiss, contending that appellant’s claim for a mechanic’s lien was invalid in that the affidavit was insufficient because it “fails to allege that all lienors have been paid or list the unpaid lienors, as required by Chapter 713 of the Florida Statutes.” The court below, citing as authority the case of Climatrol Corp. v. Kent, 370 So.2d 394 (Fla. 3d DCA 1979), rendered an order granting the motion to dismiss with leave to amend.
Appellant thereafter filed an amended complaint which was essentially identical to the original complaint. A copy of the same affidavit was attached. Appellees then filed a motion to dismiss the amended complaint, again asserting that appellant’s amended complaint failed to state a cause of action because the affidavit did not comply with Chapter 713. The court subsequently rendered an order summarily granting the motion to dismiss without prejudice.
Appellant thereafter filed a first amended complaint which was basically the same as the amended complaint. Again, a copy of the same affidavit was attached. Appel-lees later filed a motion to dismiss the first amended complaint, again contending that the first amended complaint was improper in that the affidavit was insufficient under Chapter 713. The court subsequently filed a final judgment summarily granting the motion to dismiss with prejudice. This appeal ensued.
The portion of Chapter 713 dealing with mechanics’ liens which pertains to a contractor’s affidavit, section 713.06(3)(d)l, Florida Statutes (1981), reads in full:
(3) The owner may make proper payments on the direct contract as to lienors under this section, in the following manner:

(d) When the final payment under a direct contract becomes due the contractor:
1. The contractor shall give to the owner an affidavit stating, if that be the *1026 fact, that all lienors under his direct contract have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services, or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit. The contractor shall execute the affidavit and deliver it to the owner at least 5 days before instituting an action as a prerequisite to the institution of any action to enforce his lien under this chapter, even if the final payment has not become due because the contract is terminated for a reason other than completion and regardless of whether the contractor has any lienors working under him or not.
(Emphasis added.)
The dispute here essentially revolves around the significance, or lack thereof, of the absence of the word “lienors” from the contractor’s affidavit. Appellant surmises from the court’s reliance on Climatrol Corp. that it was troubled that his affidavit did not specifically provide that all “lienors” had been paid, but instead declared that, with one listed exception, “all persons and firms who furnished material, labor and/or services” had been paid.[1] In Climatrol Corp., which he says is distinguishable, our sister court held that an affidavit which contained language similar to that contained in the instant affidavit (“[t]hat all labor and materials used by the undersigned [contractor] in the erection of said improvements have been fully paid for”) did not fulfill the requirements of section 713.06(3)(d)1. He argues that the affidavit here completely satisfies the requirements of section 713.06(3)(d)1 since the above-quoted portion of his affidavit merely replaces the words “lienors” with the constituent parts of the statutory definition of “lienor.”[2] Appellees reply that our state supreme court pointed out in Julian E. Johnson & Sons v. Balboa Insurance Co., 408 So.2d 1044, 1046, n. 4 (Fla.1981), that the legislature, by enacting section 713.37, which became effective July 1, 1978, abrogated the rule of liberal construction enunciated in Crane Company v. Fine, 221 So.2d 145, 152 (Fla.1969), that the mechanic’s lien law is to be interpreted and construed in favor of the lienor.[3] Armed with this legislative “change” toward a stricter reading of the mechanic’s lien law, they contend that, unless the word “lienors” is used in the affidavit, the purposes of a contractor’s affidavit, which are to permit the owner to rely upon such affidavit to protect himself from subsequent notices to owner filed pursuant to section 713.06(2) and claims of lien filed under section 713.08(5), and to hold the contractor liable for the crime of perjury under section 713.35 if he delivers a false *1027 affidavit, will not be fulfilled. We cannot accept appellees’ argument.
In support of their contention, appellees cite Climatrol Corp. As appellant asserts, however, Climatrol Corp. is inapplicable. The affidavit there was a release of lien, see section 713.20, not a contractor’s affidavit, as here. The court’s holding there was plainly grounded upon the fact that a release of lien does not serve the purposes of a contractor’s affidavit.
Climatrol Corp. aside, appellees submit that the reason why the word “lienors” must be used in a contractor’s affidavit is because a person or firm may be a “lienor” as defined in section 713.01(10),[4] yet still not be a “person or firm who furnished material, labor, and/or services.” They illustrate that a sub-subcontractor, a “lienor” under section 713.01(10)(c), could sub out his work to a sub-sub-subcontractor, one not included within the statutory definition of “lienor,”[5] and the sub-subcontractor would still be a lienor, notwithstanding the fact that the sub-sub-subcontractor actually furnished the material, labor and/or services called for in the sub-subcontraetor’s contract. We believe that appellees’ worries in this regard are needless. Although he may be doing so in an indirect manner, a sub-subcontractor in such a situation is thereby “providing what is necessary” for the completion of his work, the very essence of the dictionary definition of “furnish.” The American Heritage Dictionary of the English Language (rev. 5th ed. 1976). If anything, the language contained in the contractor’s affidavit here affords the owner greater protection than that provided in section 713.06(3)(d)1 in that those not included within the statutory definition of lienor, such as a sub-sub-subeontractor, are testified to by the contractor in his affidavit as having been paid.
In conclusion, while we do not in any way intend to discourage the use of the word “lienors” in a contractor’s affidavit, we hold that, even under a strict construction of section 713.06(3)(d)l, there is not anything in that section which requires that the contractor insert the word “lienors” in the contractor’s affidavit where, as here, language more protective in scope is employed and all outstanding debts, if any, are listed.
Accordingly, we reverse the order dismissing appellant’s first amended complaint and remand for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
CAMPBELL and SCHOONOVER, JJ., concur.

. The hearings before the court below on appel-lees’ motions to dismiss were not recorded. Hence, with the exception of the court’s initial order dismissing appellant’s original complaint without prejudice under the authority of Climatrol Corp. v. Kent, 370 So.2d 394 (Fla. 3d DCA 1979), the court’s reasoning is not apparent.

. Section 713.01(10), Fla.Stat. (1981), defines “lienor” as follows:
(10) “Lienor” means:
(a) A contractor;
(b) A subcontractor;
(c) A sub-subcontractor;
(d) A laborer;
(e) A materialman who contracts with the owner, a contractor, a subcontractor or a sub-subcontractor; or
(f) A professional lienor under s. 713.03; as each is defined herein, and who has a lien or prospective lien upon real property under part I, and includes his successor in interest. No person shall have a lien under part I, except those specified in this subsection as they are defined in this section.

.Section 713.37 ambiguously provides in full:
713.37 Rule of Construction. — This part shall not be subject to a rule of liberal construction in favor of any person to whom it applies.
(We say that this section is ambiguous because in our view it is completely unclear as to whether the legislature intended for the words “any person to whom it applies” to refer to the lienor or debtor. Of course, we are bound by our supreme court’s interpretation in Julian E. Johnson & Sons v. Balboa Insurance Co., 408 So.2d 1044, 1046, n. 4 (Fla.1981), that these words refer to the lienor.)

. See note 2.

. Examine the last sentence of § 713.01(10).