THOMPSON, Judge.
Jacksonville Shipyards appeals a final judgment entered by the trial court following remand after a previous appeal. Jacksonville Shipyards Inc. v. Oswego Petroleum Carriers, Inc., 443 So.2d 349 (Fla. 1st DCA 1984) (“JSI I”). Appellant argues that the trial court erred upon remand in failing to assess and award the appellate attorney’s fees granted by this court in the prior appeal, and in awarding attorney’s fees and costs only for appellant’s defense of the indemnity action. We reverse in part and affirm in part.
In JSI I this court affirmed the lower court’s decision in the original action, but held that the court should have awarded attorney’s fees for the lower court proceeding. In JSI I, appellant also filed a petition for attorney’s fees in connection with that appeal. This petition was granted, and the trial court was ordered to assess the amount.
Upon remand the trial court properly determined that appellant was entitled to attorney’s fees and costs only for appellant-indemnitee’s defense of the matter indemnified against. The trial court determined that appellant was not entitled to recover attorney’s fees and costs for its prosecution of the indemnity action itself. See American and Foreign Insurance Co. v. Avis Rent-A-Car System, Inc., 401 So.2d 855 (Fla. 1st DCA 1981). Therefore, the portion of the final judgment assessing and awarding attorney’s fees and costs for the lower court proceedings is affirmed.
The trial court neglected, however, to assess the amount of appellate attorney’s fees as ordered by this court pursuant to appellant’s motion in JSI I. This was error. It should also be noted that appellant has filed another motion for attorney’s fees in conjunction with this appeal. As in JSI I, the motion is granted and the case is remanded to the trial court to assess the amount of the fee. Both the prior appeal and this appeal involved attorney’s fees due for the defense of the indemnity action.
Accordingly, the trial court’s award of attorney’s fees and costs for appellant’s defense of the indemnity action only, and not for prosecution of the indemnity action, is affirmed. Because of the trial court’s failure to properly assess the amount of appellate attorney’s fees ordered in JSI I the case is remanded. Upon remand the *287 trial court shall have two attorney’s fee amount determinations before it: it must assess the amount of attorney’s fees due appellant in connection with the appeal in JSI I, and it must assess the amount of attorney’s fees in connection with this appeal.[1]
Affirmed in part, reversed and remanded in part.
MILLS and LARRY G. SMITH, JJ., concur.

. Appellant was also awarded a $500 attorney’s fee by our Supreme Court when appellees petitioned for discretionary review of this court’s decision in JSI I. Oswego Petroleum Carriers, Inc. and Marine Transport Lines, Inc. v. Jacksonville Shipyards, Inc., 451 So.2d 849 (Fla.1984).