524 So.2d 722 (1988)
SHORES SUPPLY CO., Appellant/Cross-Appellee,
v.
AETNA CASUALTY & SURETY CO., INC., and Frisa Corporation, Appellees/Cross-Appellants.
AETNA CASUALTY & SURETY CO., INC., Appellant/Cross-Appellee,
v.
SHORES SUPPLY CO., Appellee/Cross-Appellant.
Nos. 87-1154, 87-1696.
District Court of Appeal of Florida, Third District.
May 10, 1988.
*723 Dennis G. King, Miami, for appellant/cross-appellee Shores Supply Co.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellee/cross-appellant Aetna Cas. & Sur. Co.
Before BARKDULL, HENDRY and FERGUSON, JJ.
HENDRY, Judge.
Shores Supply Company filed an action against Aetna Casualty and Surety Company pursuant to section 713.23, Florida Statutes (1987), to recover $17,159.51 for materials Shores furnished Aetna's principal, Frisa Corporation, on an open account for a construction project. Frisa, although not yet a party to the action, claimed it did not pay Shores the amount owed on the open account because it believed the $17,000 figure would be offset by $32,411.95 Shores owed Frisa for additional work necessitated in installing an allegedly defective "tapping sleeve"[1] Shores supplied to Frisa for the project. Aetna, as surety, claimed it was entitled to raise the same defenses its principal, Frisa, could raise against Shores. Consequently, Aetna asserted, as an affirmative defense, that it was entitled to a set-off on the $17,000 figure because Shores owed Frisa $32,411.95. Frisa subsequently filed its own action against Shores for the $32,411.95 and for breach of warranty. The two actions were consolidated prior to trial. Using a special verdict form, the jury concluded that Aetna owed Shores only $10,000 on the bond action for the open account balance and that Shores owed Frisa $32,411.95 for breach of warranty regarding the tapping sleeve. Shores moved for a new trial and to amend the judgment to include its full claim of $17,159.51. The motions were denied.
Two separate judgments were entered by the trial court. The first judgment mentioned only the $10,000 award in favor of Shores. The other judgment offset the $10,000 against the $32,411.95 and awarded the difference to Frisa. Shores appealed (Case no. 87-1157) and Aetna and Frisa cross-appealed, but this court relinquished jurisdiction to allow the trial court to clarify the two judgments. The trial court entered two other judgments, one in favor of Shores for $10,000 without any mention of Frisa's award, and the other in favor of Frisa for $32,411.95, without mentioning Shores' award. Aetna appealed (Case no. 87-1696) and Shores cross-appealed. The appeals were consolidated under Case no. 87-1696. Aetna and Frisa contend in their cross-appeal that only one judgment should have been entered incorporating the two awards.
The parties raise a number of points on appeal, only a few of which require discussion. The first point, which merits reversal, concerns the amount of the verdict the jury awarded Shores. Shores presented substantial and competent evidence by way of testimony and invoices indicating the balance due on the open account amounted to $17,159.51. Frisa readily agreed it owed Shores money for the materials supplied on the open account and never contested the $17,159.51 figure. After a careful review of the record, we find *724 no legal explanation or justification to support a jury verdict for Shores in an amount less than the $17,159.51 the parties agreed was owed. We must conclude that the jury's verdict was the result of some mistake, misapprehension, or oversight. See Timmy Woods Beverly Hills, Ltd. v. Greenwald, 475 So.2d 256 (Fla. 3d DCA 1985); Don Luigi's Ristorante, Inc. v. Independent Fire Ins. Co., 460 So.2d 405 (Fla. 4th DCA 1984); Dybalski v. Nichols, 227 So.2d 510 (Fla. 1st DCA 1969); Duquette v. Hindman, 152 So.2d 789 (Fla. 1st DCA 1963). The trial court erred in not granting Shores' motion to amend the judgment. Thus, the final judgment in favor of Shores for $10,000 is reversed and the cause remanded to the trial court with directions to enter a final judgment in favor of Shores for $17,159.51. Due to the fact that the amount Frisa owed Shores on the open account is uncontroverted, we find no reason to necessitate a new trial on this issue.
The second point requiring discussion is whether the trial court erred in entering two separate judgments. Both Frisa and Aetna, who were represented by the same attorney, claim the trial judge should have entered one judgment taking into account all of the jury's determinations and setting off the amount due Shores on the open account claim by the $32,411.95 due Frisa with respect to the defective tapping sleeve. Aetna and Frisa contend they would then be entitled to prevailing party status because they were the parties receiving the larger verdict and thus could recover attorney's fees under section 713.29, Florida Statutes (1987).
Although this argument at first glance appears persuasive and sound, it is flawed. In Julian E. Johnson & Sons, Inc. v. Balboa Insurance Co., 408 So.2d 1044 (Fla. 1982), the supreme court concluded that when a lien is substituted by a bond, the statute which governs the assessment of attorney's fees is not the prevailing party provision under section 713.29, but the insurance provisions under sections 627.428 and 627.756. The legal effect of furnishing a payment bond pursuant to section 713.23 is to exempt the owner and the property from the provisions of the mechanic's lien statutes. A claimant seeking to enforce rights under a construction bond is no longer bringing an action to enforce a lien, see Balboa Ins., 408 So.2d at 1047; Bankers & Shippers Ins. Co. of New York v. AIA Insulation Indus., Inc., 390 So.2d 734 (Fla. 4th DCA 1980); hence, section 713.29 is not controlling because the language in the statute expressly limits the collection of attorney's fees to the prevailing party in any action brought to enforce a lien. On the other hand, the insurance statutes, when read together, specifically allow for attorney's fees in construction bond actions. Section 627.428 provides that upon the rendition of a judgment against an insurer and in favor of an insured, a trial court, or in the event of an appeal, the appellate court, shall adjudge against the insurer and in favor of the insured reasonable attorney's fees. Section 627.756 provides that 627.428 applies to suits brought by owners, subcontractors, laborers, and materialmen against a surety insurer under a payment bond; these individuals are deemed to be insureds for purposes of this section.[2]
No analogous provision exists under the insurance statutes to award attorney's fees to an insurer who prevails in a construction bond action. Frisa cannot point to any clause in its contract with Shores that would entitle it to attorney's fees. Furthermore, there is also no statute applicable to the breach of warranty claim which would provide Frisa with compensation for these fees. Absent any of these alternatives, Frisa and Aetna have no legal basis on which to claim payment for their attorney's fees.
Under the same rationale, we decline to address the issue of whether Aetna could raise Frisa's claim against Shores as an *725 affirmative defense. The reason Aetna and Frisa pursued this issue was to seek prevailing party status which would have entitled them to attorney's fees. In view of the fact that Aetna and Frisa are both precluded from claiming attorney's fees under any statute or contract provision, Aetna has no legal basis to assert this claim.
Shores' claim to attorney's fees under sections 627.428 and 627.756 cannot be defeated by the trial court's consolidation of the cases under Rule 1.270(a), Fla.R. Civ.P. "Consolidation does not merge suits into a single cause or change the rights of the parties, or make those who are parties in one suit parties in another. Rather, each suit maintains its independent status with respect to the rights of the parties involved." Wagner v. Nova University, Inc., 397 So.2d 375, 377 (Fla. 4th DCA 1981) (citations omitted). The right to attorney's fees under sections 627.428 and 627.756 is considered a substantive right because it gives a party "the legal right to recover substance (money)." L. Ross, Inc. v. R.W. Roberts Constr. Co., 466 So.2d 1096, 1098 (Fla. 5th DCA 1985), aff'd, 481 So.2d 484 (Fla. 1986). Consequently, in a consolidated case, a party who has prevailed under a claim which entitles the party to attorney's fees cannot have that right defeated by a larger award recovered by the opposing party under a counterclaim which has no basis for collecting attorney's fees. Cf. Folta v. Bolton, 493 So.2d 440 (Fla. 1986) (rejected a "net winner" approach, holding that separate and divisible claims should be given separate consideration for purposes of awarding attorney's fees); Snaidman v. Harrell, 432 So.2d 809 (Fla. 1st DCA 1983) (prevailing party in a mechanic's lien foreclosure action should not be denied recovery of attorney's fees simply because that party did not also prevail in its breach of contract action against the contractor). But cf. Ferrell v. Ashmore, 507 So.2d 691 (Fla. 1st DCA 1987) (although a contractor was successful in recovering under a mechanic's lien claim, its award was effectively defeated by the homeowner's larger award under a counterclaim, thus homeowner was the prevailing party entitled to attorney's fees).
In summary, we hold that the trial court was correct in issuing two separate judgments. However, we reverse the final judgment in favor of Shores and against Aetna and remand the cause to the trial court with directions to modify the judgment to reflect an award for Shores in the amount of $17,159.51. We affirm the final judgment in favor of Frisa and against Shores for $32,411.95, but strike the language in the judgment reserving jurisdiction for the purpose of considering an award of attorney's fees because of the reasons discussed above.
Reversed in part, affirmed in part, and remanded with directions.
BARKDULL, J., concurs.
FERGUSON, Judge (concurring).
The result is probably correct even though the two cases  one by Shores Supply against Aetna and the other by Frisa against Shores Supply  should not have been consolidated for trial because there was no commonality of parties, law or facts.
Shores Supply commenced this action against only the surety, Aetna, after its claim of lien against Frisa was transferred to a bond. Shores' action was thus pursuant to the insurance statute as the majority correctly notes in the latter part of the opinion, and not pursuant to the mechanic's lien statute, as is suggested in the first paragraph of the opinion. Further, it is conceded that Shores' claim of lien covered more than the pipes which are the subject of Frisa's breach of warranty claim against Shores Supply. Inquiries made by the jury during their deliberations, and the subsequent unexplainable verdict, attest to the confusion created by the improper consolidation of the two lawsuits.
On the record presented, however, we can conclude as a matter of law that Shores was entitled to a damage verdict of $17,159.51 against Aetna  not $10,000 as was found by the jury  and that the evidence supports the jury verdict finding Frisa entitled to $32,411.95 against Shores. I *726 agree, as the majority concludes, that Shores is entitled to an attorney's fee award as a prevailing party pursuant to section 627.428, Florida Statutes (1987), and that Frisa's claim for a fee award as the prevailing party in its separate contract action is without any statutory or contractual basis.
NOTES
[1] A device which allows a new pipeline to be connected to an existing pipeline without having to shut down the existing pipeline.
[2] Section 627.756 had previously placed a 12 1/2 per cent limitation on the amount of attorney's fees recoverable against sureties in actions on payment bonds. As of October, 1982, this limitation was repealed by statutory amendment. The provision in section 627.428 limiting fees to a reasonable amount would, however, control.