533 So.2d 789 (1988)
FITZGERALD & COMPANY, INC., and United States Fidelity and Guaranty Company, Appellants,
v.
ROBERTS ELECTRICAL CONTRACTORS, INC., Appellee.
No. 87-1963.
District Court of Appeal of Florida, First District.
September 9, 1988.
Rehearing Denied December 2, 1988.
Stephen R. Moorhead, of Matthews & Moorhead, Pensacola, for appellants.
Bill R. Hutto, of Hutto, Nabors and Bodiford, Panama City, for appellee.
JOANOS, Judge.
Fitzgerald & Company, Inc. (Fitzgerald) and United States Fidelity & Guaranty Company (USF & G) appeal a non-final order assessing liability for attorney's fees and costs. The issue raised on appeal is whether an award of attorney's fees is proper when a controversy is settled through arbitration, with payment in full of the arbitrator's award. We affirm.
In July 1985, Fitzgerald entered into a contract with the Panama City Housing Authority, in which Fitzgerald agreed to perform renovation work on a city housing project. Fitzgerald furnished a labor and material payment bond, pursuant to section 255.05, Florida Statutes (1985), with USF & *790 G as surety. Subsequently, Fitzgerald entered into a subcontract with Roberts Electrical Contractors, Inc. (Roberts) for electrical work on the project. The subcontract made no provision for attorney's fees.
After completion of its performance under the subcontract, Roberts was allegedly due a balance of $25,236. A dispute arose with regard to whether Fitzgerald was required to make final payment to Roberts, since Fitzgerald had not received its final payment from the Panama City Housing Authority.
On March 20, 1987, Roberts filed suit for the balance due under the subcontract, naming Fitzgerald and USF & G as defendants. Fitzgerald and USF & G filed motions demanding arbitration, pursuant to an arbitration clause in the subcontract. Roberts agreed to arbitrate, and arbitration proceedings were held August 7, 1987. The arbitration panel found in favor of Roberts for the principal amount of $25,236, and further found this amount had been due and unpaid since December 29, 1986.
On September 9, 1987, Roberts filed a motion to confirm the award and to assess attorney's fees and costs. The motion was set for hearing on October 29, 1987. The arbitration award was paid by USF & G immediately prior to the hearing on the motion to confirm the award and to assess attorney's fees and costs. The trial court found Roberts was entitled to an award of attorney's fees and costs under the provisions of sections 627.428 and 627.756, Florida Statutes. It is from the order awarding attorney's fees and costs that Fitzgerald and USF & G bring this appeal.
Appellants Fitzgerald and USF & G argue that absent a contractual provision for attorney's fees, attorney's fees may not be awarded when arbitration is the forum of the settlement and the arbitration award has been paid in full. Roberts responds that arbitration in this case was elective, not mandatory, and the arbitrators performed the same role as a jury. Roberts urges that if one were to adopt appellants' argument, an insurer could contest a claim in court, proceed to a jury trial, and then pay the verdict before a judgment is rendered, thereby avoiding statutorily prescribed attorney's fees.
It is well settled that attorney's fees may be recovered only as provided by contract or statute. Julian E. Johnson & Sons v. Balboa Insurance Co., 408 So.2d 1044, 1048 (Fla. 1982). A determination of the applicable statutory provision under which attorney's fees may be claimed depends upon the main cause of action. Id., at 1046. Thus, a claim for attorney's fees in an action to enforce a mechanic's lien will normally be governed by the provisions of section 713.29, Florida Statutes, but a claim for attorney's fees in a suit brought by a subcontractor against a contractor and its surety is an action against the bond, and will be governed by the provisions of section 627.756. Id. In other words, "when a lien is substituted by a bond, the statute which governs the assessment of attorney's fees is not the prevailing party provision under section 713.29, but the insurance provisions under sections 627.428 and 627.756." Shores Supply Co. v. Aetna Casualty & Surety Co., 524 So.2d 722, 724 (Fla. 3d DCA 1988).
When read together, sections 627.756 and 627.428 specifically provide for attorney's fees in construction bond actions. Furthermore, subcontractors, as well as owners, laborers, and materialmen are deemed to be insureds for purposes of the insurance attorney's fee provisions. Shores, 524 So.2d at 724. Accord Snead Construction Corp. v. Langerman, 369 So.2d 591, 594 (Fla. 1st DCA 1978). Moreover, since "the payment of a claim is ... the functional equivalent of a confession of judgment," Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d 217, 218 (Fla. 1983), an insurer cannot escape liability for attorney's fees "simply by settling the suit before a judgment was entered." Fortune Insurance Co. v. Brito, 522 So.2d 1028 (Fla. 3d DCA 1988). See also Cincinnati Insurance Co. v. Palmer, 297 So.2d 96, 99 (Fla. 4th DCA 1974), in which the court observed 
We think the statute must be construed to authorize the award of an attorney's *791 fee to an insured or beneficiary under a policy or contract of insurance who brings suit against the insurer after the loss is payable even though technically no judgment for the loss claimed is thereafter entered favorable to the insured or beneficiary due to the insurer voluntarily paying the loss before such judgment be rendered.
By the same token, an attorney's fee award is not barred merely because the amount due a subcontractor was established pursuant to arbitration rather than through a judicial determination. See Carter v. State Farm Mutual Automobile Insurance Company, 224 So.2d 802 (Fla. 1st DCA 1969); Nigaglioni v. Century Insurance Co. of New York, 281 So.2d 570 (Fla. 3d DCA 1973).
In summary, in the instant case payment was made to the subcontractor Roberts at the eleventh hour, and only after Roberts incurred attorney's fees and costs in filing suit. Roberts received a favorable decision from the arbitration panel, and filed a motion to enforce the award and to assess attorney's fees and costs. The insurer, USF & G, joined the motion to require arbitration and may not now evade responsibility for an attorney's fee on the technical ground that a formal award was not rendered against it.
Accordingly, the trial court's award of attorney's fees and costs is affirmed, and appellee's motion for appellate attorney's fees is granted. This cause is remanded to the trial court for determination and assessment of appellate attorney's fees, in addition to the determination of attorney's fees and costs to be assessed in connection with the action against the bond. See Jacksonville Shipyards, Inc. v. Oswego Petroleum Carriers, Inc., 473 So.2d 285 (Fla. 1st DCA 1985).
SMITH, C.J., and ZEHMER, J., concur.