541 So.2d 1235 (1989)
NEW IMAGE CARPETS, INC., a Dissolved Florida Corporation, by Ralph JAMES, Michael James and Joann James, As Last Board of Directors and Statutory Trustees, Appellant,
v.
SANDERY CONSTRUCTION, INC., Lois Webb, Mallory L. Johnson and Wife, Lenell O. Johnson, and Community National Bank at Bartow, Appellees.
No. 88-824.
District Court of Appeal of Florida, Second District.
February 10, 1989.
Stephen F. Baker, Winter Haven, for appellant.
Stephen K. Brooks of Stanley, Wines, Bennett, Murphy, Spanjers & Helms, P.A., Winter Haven, for appellee Sandery Const.
James P. Hahn of Hahn, Breathitt & Watson, P.A., Lakeland, for appellees Webb, Johnson and Community Nat. Bank.
*1236 LEHAN, Acting Chief Judge.
We affirm the dismissal with prejudice of a subcontractor's mechanic's lien amended complaint for failure to serve a timely notice upon the owner as required by section 713.06(2)(a), Florida Statutes (1987).
We do not agree with appellant that the fact that the general contractor with whom appellant contracted was a member of a joint venture which owned the property to which the subcontractor provided materials dispensed with the necessity for a notice to owner. Cf. Floridaire Mechanical Systems, Inc. v. Alfred S. Austin-Daper Tampa, Inc., 470 So.2d 717 (Fla. 2d DCA), rev. denied, 480 So.2d 1293 (1985). Despite the opportunity given to appellant upon the dismissal of the original complaint, there is no allegation in the amended complaint that the joint venture was involved with the general contractor in the work on the property. Thus, the membership of the general contractor in that joint venture did not provide a basis for arguing that there was privity between the subcontractor and the owner by reason of which, under section 713.05, no notice to owner would have been necessary. See Bessemer Properties, Inc. v. Barber, 105 So.2d 895 (Fla. 2d DCA 1958) (where contracting member of joint venture contracts with a third party for goods or services not contemplated by the scope of the joint venture, joint venture not liable to third party); 8 Fla.Jur.2d Business Relationships § 691 [p. 736] (1978).
Even if there may be argued to have been notice to the joint venture owner, through the general contractor, that the subcontractor was working on the job, that would not have fulfilled the purpose of the notice to owner requirement. That purpose is to give notification to the owner that the subcontractor looks to the owner for payment, Bishop v. James A. Knowles, Inc., 292 So.2d 415, 417 (Fla. 2d DCA 1974), and there was no such notification here. The mechanic's liens laws are to be strictly construed. § 713.37, Fla. Stat. (1987) ("This part shall not be subject to a rule of liberal construction... ."); Bracco v. Cardozo, 434 So.2d 1024, 1026 (Fla. 2d DCA 1983).
Affirmed.
THREADGILL and ALTENBERND, JJ., concur.