596 So.2d 115 (1992)
Dr. Jack FREEDMAN and Southwest Electric Supply, Inc., Appellants,
v.
COLLIER COMMERCIAL BUILDERS, INC., a Florida Corporation, Appellee.
No. 91-00762.
District Court of Appeal of Florida, Second District.
March 13, 1992.
*116 Robert C. Gebhardt of Gebhardt & White, P.A., Naples, for appellants.
J. Blan Taylor, Naples, for appellee.
FRANK, Acting Chief Judge.
We reverse an award of attorney's fees stemming from an arbitration proceeding.
On April 11, 1990, Collier Commerical Builders, Inc. (Collier) recorded a claim of lien on certain real property owned by Dr. Jack Freedman and Southwest Electric Supply, Inc. (Southwest). Consistent with the terms of their construction contract, the dispute was submitted to arbitration which resulted in an award to Collier of $135,060. Collier then moved the trial court to confirm the award and successfully sought attorney's fees pursuant to section 713.29, Florida Statutes (Supp. 1990), incurred during the arbitration proceeding. That statute in its amended form became effective January 1, 1991, and now includes the words "or for arbitration" as one of the bases for an award of legal fees. Ch. 90-109, § 14, Laws of Fla. (1990). The revised version of the statute, however, became effective subsequent to the initiation of Collier's action to enforce its lien. Thus, Collier's and the trial court's reliance upon it was misplaced.[1]
Section 713.29, Florida Statutes (1989), in effect when Collier commenced its action, did not contemplate legal fees arising from matters resolved through arbitration.[2]Zac Smith & Co., Inc. v. Moonspinner Condominium Ass'n., Inc., 534 So.2d 739 (Fla. 1st DCA 1988); see also Fitzgerald & Co., Inc. v. Roberts Electrical Contractors, Inc., 533 So.2d 789 (Fla. 1st DCA 1988). Although fees may be recovered in an action associated with the confirmation or enforcement of an arbitral award, such award must be subtended by statute or contract. Julian E. Johnson & Sons, Inc. v. Balboa Ins. Co., 408 So.2d 1044 (Fla. 1982); Fewox v. McMerit Const. Co., 556 So.2d 419 (Fla. 2d DCA 1989), approved, Insurance Co. of North America v. Acousti Engineering Co. of Florida, 579 So.2d 77 (Fla. 1991); Raymond James & Associates, Inc. v. Wieneke, 556 So.2d 800 (Fla. 2d DCA 1990). There is neither a statute nor a contractual predicate in the instant matter supporting the trial court's fee award.
Finally, we reject Collier's contention that the parties had stipulated during the arbitration proceeding to an award of fees. The record simply discloses a bilateral understanding, albeit ineffectual in the light of Fewox, that in the event the panel of arbitrators found a contractual or statutory basis to award legal fees to Collier as a prevailing party, entitlement to an attorney's fee would be equally applicable to *117 Southwest were it determined to be the prevailing party.
Accordingly, we reverse the award of attorney's fees to Collier.
PARKER and PATTERSON, JJ., concur.
NOTES
[1] Because the legislature was silent regarding the retroactive or prospective application of this statute, we abide by the general rule that a statute is presumed to have a prospective application. Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239, 241 (Fla. 1977).
[2] Section 713.29 Attorney's fees.  In any action brought to enforce a lien under [sections 713.01-37], the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.