616 So.2d 1140 (1993)
Daniel WILLEY d/b/a Willey's Sheet Metal, Appellant/Cross-Appellee,
v.
M.K. ROARK, INC., a Florida corporation, and Fidelity & Deposit Company of Maryland, Appellees/Cross-Appellants.
No. 91-3529.
District Court of Appeal of Florida, Fourth District.
April 14, 1993.
Robert E. Ferencik and Elizabeth M. Amir of Leiby Ferencik Libanoff and Brandt, P.A., Miami, for appellant/cross-appellee.
John H. Gregory of Welbaum, Zook & Jones, Coral Gables, for appellees/cross-appellants.
*1141 POLEN, Judge.
Daniel Willey, Plaintiff below, appeals from a December 2, 1991 order that granted him court costs and prejudgment interest recoverable against defendant below, Fidelity & Deposit Co. (F & D), but denied him attorney's fees. Appellees Roark and F & D cross-appeal the trial court's award of costs to Willey for depositions not used at trial and depositions used only in part. As to the appeal, we reverse and remand; the cross-appeal we affirm.
Roark contracted with the North Broward Hospital District ("NBHD") to construct certain improvements at the Imperial Point Medical Center in Fort Lauderdale. Pursuant to its contract, Roark provided a payment bond with F & D as surety to NBHD. The payment bond named NBHD as obligee and Roark as principal. Roark subcontracted the air conditioning work to appellant Willey. A dispute arose between Roark and Willey over payment and the performance of the air conditioning work. Willey left the project prior to its completion. On August 8, 1989, Willey filed an action against the bond in which he sought to recover $14,778.85, which Willey claimed was due and owing for the reasonable value of materials and services it furnished to the project. Roark filed a counterclaim in which it sought damages consisting of costs to complete the air conditioning work, correct allegedly defective work, as well as liquidated damages for delay. At trial, Roark introduced evidence of costs and damages which exceeded the amount of Willey's claim and sought an affirmative judgment in its favor.
On September 26, 1989, Roark made an offer of judgment in the amount of $2,300 which Willey did not accept. On October 23, 1989, Roark and F & D made an offer of judgment for $2,500, including interest, costs and attorney's fees, which Willey also rejected. On July 11, 1990, the parties attended court-ordered mediation, at which Roark and F & D orally made an offer to pay Willey $10,000 in full settlement of all claims including all court costs, interest and attorney's fees as well as the principal amount due. Willey also rejected this offer. At this time, Willey had paid attorney's fees in the amount of $4,390 and costs in the amount of $795.94 to prosecute his claim. Prejudgment interest had accrued in the amount of $869.54.
On November 15, 1990, the parties tried the case. On December 17, 1990, the trial court entered summary judgment for Willey in the amount of $8,113 and reserved jurisdiction to award interest, attorney's fees and costs. The court dismissed Roark and F & D's counterclaim as being without merit. On or about January 23, 1991, Willey filed a Motion for Award of Prejudgment Interest, Attorney's Fees and Taxation of Costs. By the time of judgment, Willey had incurred attorney's fees in the amount of $10,145 and interest had accrued in the amount of $1,501.68.
At the hearing on the latter motion, the trial court awarded costs in the amount of $923.44 and prejudgment interest in the amount of $1,675, for a total of $2,598.44, but denied Willey's prayer for attorney's fees. The court based its denial on section 713.29, Florida Statutes (1990), and found that Willey was not the prevailing party in the case because the amount of Willey's judgment was less than the amount which Roark and F & D offered Willey at mediation.
Appellant Willey argues that the trial court committed reversible error when it denied his prayer for attorney's fees, as it misplaced its reliance on C.U. Associates, Inc. v. R.B. Grove, Inc., 472 So.2d 1177 (Fla. 1985), and section 713.29, Florida Statutes (1990). Appellant contends he was entitled to attorney's fees pursuant to section 627.428, Florida Statutes (1990), and section 627.756, Florida Statutes (1990).[1] *1142 We agree. The supreme court in Julian E. Johnson & Sons, Inc. v. Balboa Insurance Co., 408 So.2d 1044 (Fla. 1982), noted that section 627.756 specifically fails to mention actions to enforce equitable or statutory liens in favor of owners, subcontractors, laborers and materialmen. Id. at 1045. In contrast, section 713.29 is expressly limited to "any action brought to enforce a lien under part I (Mechanic's Liens)." Id. at 1046. "Therefore, the provisions of part I relating to liens would not apply to an action on the bond." Id. The court wrote:
Prior to 1977, section 627.756 contained two subsections. The first of these related to the type of bond, either performance or payment, and the percentage of contract price required to be covered. The 1977 amendment completely deleted the first subsection, leaving former subsection (2) as the present statute. The statute as thus amended relates solely to bonds for construction contracts and not to the enforcement of statutory liens.
Id. The Julian court deduced that the legislature must have intended each to be a separate action. Id. A claim for attorney's fees in a suit brought by a subcontractor against a contractor and its surety is an action against a bond, and will be governed by the provisions of section 627.756. Fitzgerald & Co. v. Roberts Electrical Contractors, 533 So.2d 789, 790 (Fla. 1st DCA 1988). "In other words, `when a lien is substituted by a bond, the statute which governs the assessment of attorney's fees is not the prevailing party provision under section 713.29, but the insurance provisions under sections 627.428 and 627.756.'" Id. [citing Shores Supply Co. v. Aetna Cas. & Surety Co., 524 So.2d 722, 724 (Fla. 3d DCA 1988)] The Fitzgerald Court held that read together, sections 627.756 and 627.428, "specifically provide for attorney's fees in construction bond actions. Subcontractors as well as owners, laborers, and materialmen are deemed to be insureds for purposes of the insurance attorney's fees provision." Id. at 790 [citing Shores, 524 So.2d at 724]. For an insurer there is no automatic escape from liability for attorney's fees simply where it settles the suit before judgment is entered, because the payment of a claim is viewed as the functional equivalent of a confession of judgment. Fitzgerald, 533 So.2d at 790; Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d 217, 218 (Fla. 1983); Fortune Ins. Co. v. Brito, 522 So.2d 1028 (Fla. 3d DCA 1988). In the instant case we hold that the trial court erred when it denied Willey's attorney's fees under C.U. Associates, which is inapplicable.[2]
Appellees cross-appeal the trial court's taxation of costs against it for certain depositions, where appellant did not use two of the depositions at trial and used the third only for impeachment purposes. We hold that appellees have failed to demonstrate that the trial court abused its discretion under the Statewide Uniform Guidelines for the Taxation of Costs in Civil Actions when it taxed these costs against appellees. In Orlando Regional Medical Center, Inc. v. Chmielewski, 573 So.2d 876 (Fla. 5th DCA 1990), the court applied Item 1-E of the Uniform Guidelines, which states that the costs of depositions not used at trial may be taxed, if the prevailing party can show that taking the deposition was "reasonably necessary". The appellate court rejected appellant's argument that the trial court erred when it *1143 taxed the costs of certain depositions because only one was read at trial, out of which only twenty pages were published to the jury. Id. at 883. The court held that "reasonably necessary" did not mean the deposition had to be used at trial or quoted to the jury and that the trial court had broad discretion in these matters. Id. Additionally, in Tremack Co. v. Federal Insurance Co., 600 So.2d 38 (Fla. 3d DCA 1992), the court affirmed a final cost judgment in favor of the insurance company for the court reporter's attendance fees and one-half the cost of transcribing depositions for a total of $4,915.64, "because the discovery served the useful purpose of aiding defendants in preparing for trial." Id., citing Schumacher v. Wellman, 415 So.2d 120, 122 (Fla. 4th DCA 1982), Miller Yacht Sales v. Scott, 311 So.2d 762, 764 (Fla. 4th DCA 1975), cert. denied, 328 So.2d 843 (Fla. 1976). In the instant case, the trial court made the specific finding on the record that the depositions which cross-appellants claimed were not used at trial were nevertheless reasonable under Item 1-E of the Guidelines. Under Chmielewski and Tremack, we find no abuse of discretion. As to the depositions used for the limited purpose of impeachment, under the Uniform Guidelines we find no abuse of discretion. Cross-appellee Willey made a showing at the hearing that in this case, the witnesses deposed were those which cross-appellants declared would testify, in support of their counterclaim, that Willey delayed the project. Neither party knew the exact number of pages actually used and the trial court accepted cross-appellee's proposed calculation based on an average cost per deposition apparently reflected in a bill counsel received, plus the cost of the copy. Accordingly, the order taxing costs against cross-appellants is affirmed.
ANSTEAD and GUNTHER, JJ., concur.
NOTES
[1] Section 627.756, Florida Statutes provides:

Section 627.428 applies to suits brought by owners, subcontractors, laborers and materialmen against a surety insurer under payment or performance bonds written by the insurer under the laws of this state to indemnify against pecuniary loss by breach of a building or construction contract. Owners, subcontractors, laborers, and materialmen shall be deemed to be insureds or beneficiaries for the purposes of this section.
Section 627.428 provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which recovery is had ...
[2] We note that appellee's reliance on Westinghouse Electric Corp. v. Shafer & Miller, Inc., 515 So.2d 248 (Fla. 3d DCA 1987), is misplaced. That case relies on Greenough v. Aetna Cas. & Surety Co., 449 So.2d 1001 (Fla. 4th DCA 1984), in which the insurer made an offer presuit which was higher than the court ultimately found to be due. That is not the case here, where the first reasonable offer was made eleven months after Willey filed suit.