281 So.2d 569 (1973)
Jimmie Lee WHITFIELD, Appellant,
v.
CENTURY INSURANCE COMPANY OF NEW YORK, a Foreign Corporation, Appellee.
No. 72-1472.
District Court of Appeal of Florida, Third District.
July 17, 1973.
Rehearing Denied September 14, 1973.
Alfred D. Bieley, Miami, for appellant.
Preddy, Haddad, Kutner & Hardy and John M. Parker, Miami, for appellee.
Before PEARSON and HAVERFIELD, JJ., and MELVIN, WOODROW M., Sr., Associate Judge.
PEARSON, Judge.
The appellant filed a complaint on October 26, 1972 which alleged that he was involved in an automobile accident on May 9, 1970 with an uninsured motorist, and that in accordance with his contract of insurance *570 the arbitration provision of his policy had become activated. He further alleged that he and the appellee had appointed their arbitrators, but that the arbitrators were unable to agree upon an impartial third party. The complaint requested a declaration of the appellant's rights and asked the court to appoint an impartial third arbitrator. In addition, the complaint asked for attorney's fees and costs. Attached to the complaint as exhibits were the policy of insurance involved, copies of letters appointing appellant's arbitrator on November 19, 1971 and appellee's arbitrator on November 23, 1971, and a letter from the appellant's arbitrator dated October 18, 1972 stating that the two arbitrators had been unable to agree upon a third. The appellee responded to the complaint with a motion to dismiss and a motion to appoint a third arbitrator. After hearing, the trial court entered the order appealed which appointed the impartial third arbitrator but dismissed the complaint with prejudice and ordered that the "[p]laintiff shall take nothing by this action".
On this appeal, the sole question presented is whether or not the court erred in failing to grant the plaintiff's motion for costs and attorney's fees. The basis for granting the claimed attorney's fees is Fla. Stat. § 627.428, F.S.A.
We hold that the court committed error in sustaining the motion to dismiss the complaint and in failing to consider the appellant's application for costs and attorney's fees. It is apparent that the court cannot in the same order dismiss the complaint and then grant relief under the complaint. It is true that the court stated that it was granting the appellee's motion for the appointment of a third arbitrator, but the court can only act where a complaint is before the court. In this instance, if the complaint is dismissed there is nothing before the court. Cf. Keith v. State Farm Mutual Automobile Insurance Company, Fla.App. 1970, 240 So.2d 202.
Therefore the order appealed is affirmed in part and reversed in part. The order is affirmed as to the appointment of the impartial third arbitrator, but is reversed as to the dismissal of the complaint, and the cause is remanded with directions to the trial court to consider whether the appellant's action in bringing the matter of the failure of the arbitrators to agree to the attention of the court was reasonably necessary under the circumstances in order to pursue his claim arising under his insurance policy. If the court finds that the action was reasonably necessary, it shall assess reasonable attorney's fees pursuant to Fla. Stat. § 627.428, F.S.A. In any event, the court is to award costs to the plaintiff.
Affirmed in part, reversed in part, and remanded.