281 So.2d 570 (1973)
Angel L. NIGAGLIONI, Appellant,
v.
CENTURY INSURANCE COMPANY OF NEW YORK, a Foreign Corporation, Appellee.
No. 73-51.
District Court of Appeal of Florida, Third District.
August 21, 1973.
*571 Alfred D. Bieley, Miami, for appellant.
Preddy, Haddad, Kutner & Hardy, and John M. Parker, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant appeals an order dismissing his complaint with prejudice.
On May 18, 1971 the plaintiff was involved in an automobile accident with a hit-and-run driver. He notified his automobile liability insurance carrier, the defendant Century Insurance Company of New York, and thereby activated the uninsured motorist provision of the contract. In accordance therewith, the plaintiff appointed an arbitrator and the defendant appointed an arbitrator. However, the two arbitrators were unable to agree upon the selection of a third impartial arbitrator. Subsequently, plaintiff-appellant filed a complaint requesting a declaration of the appellant's rights, the appointment of an impartial third arbitrator, and an award of attorney's fees and costs. The defendant-appellee filed a motion to appoint an arbitrator and to dismiss the complaint, and subsequently the trial judge dismissed the complaint with prejudice.
Appellant contends that the trial court committed error in dismissing the complaint which sought to have a third impartial arbitrator appointed. We are in agreement.
Although the complaint in the case sub judice prayed for a declaration of rights and an award of attorney's fees and costs in addition to the appointment of a third impartial arbitrator, we find that same was sufficient to meet the requirements of F.S. § 682.17 F.S.A., and should have been considered as a motion under said section. See Keith v. State Farm Mutual Automobile Insurance Company, Fla. App. 1970, 240 So.2d 202.
In addition, we hold that the court below committed error in failing to consider the appellant's application for costs and attorney's fees.
Therefore, the order under review be and the same is hereby reversed with directions to grant the plaintiff a hearing on his complaint, considering it to be a motion filed pursuant to F.S. § 682.17 F.S.A., and to further consider whether the appellant's action in bringing the matter of the failure of arbitrators to agree to the attention of the court was reasonably necessary under the circumstances in order to pursue his claim arising under his insurance policy. If the court finds that the action was reasonably necessary, it shall assess reasonable attorney's fees pursuant to F.S. § *572 627.428 F.S.A. In any event, the court is to award costs to the plaintiff. See Whitfield v. Century Insurance Company of New York, Fla.App. 1973, 281 So.2d 569 (opinion filed July 17, 1973).
Reversed and remanded with directions.