BARKDULL, Judge.
This matter arises out of an arbitration proceeding pursuant to the provisions in an insurance policy issued to the appellees by the appellant.
The appellees were involved in an automobile accident. They demanded arbitration pursuant to the terms of their policy with the appellant. Thereafter, an arbitration proceeding was held and the arbitrators rendered an award as follows:

The American Arbitration Association has no jurisdiction because two of the vehicles were insured and there is a question of liability.
No determination was made as to the liability or damages.

Subsequently, pursuant to the provisions of Section 682.13(l)(c), Florida Statutes (1979), the appellees filed an action as plaintiffs seeking to set aside the award. The appellant then filed an answer and the trial court entered a judgment on the pleadings in words as follow:

THIS CAUSE having come on to be heard on the Plaintiffs’ Motion for Judgment on the Pleadings, and the Court having heard the arguments of Counsel and being otherwise fully advised in the premises, it is hereby,
ORDERED AND ADJUDGED,
That a Final Judgment be and the same is hereby entered for the Plaintiffs and the arbitration award, which is the subject of this cause, is hereby vacated and the Plaintiffs shall be entitled to re-arbitrate their claim in accordance with the insurance contract entered into between the Plaintiffs and Defendant, and Plaintiffs are given leave to re-file their claim with the American Arbitration Association. The Court reserves jurisdiction for assessment of attorney’s fees and costs against the Defendant.

*831 This appeal then ensued, the appellant contending that the trial court erred in the judgment on the pleadings. The appellees respond that this court is without jurisdiction to consider the final judgment because of the holding in the Carner v. Freedman decision, heretofore rendered by this court and reported in 175 So.2d 70 (Fla.3d DCA 1965). The effect of the trial court’s order in part being to set aside the award and order a re-arbitration, we find we have jurisdiction notwithstanding the provisions of the statute and notwithstanding the earlier opinion of this court in earner v. Freedman, supra. For that: the Florida Constitution provides that the District Courts of Appeal shall have jurisdiction over final judgments rendered in the Circuit Court. Article V, Section 4(b)(1) (1973). A final judgment is defined as that order which terminates all judicial labor in the trial court or lower tribunal. Alderman v. Puritan Dairy, 145 Fla. 604, 195 So. 416 (1940); Mills v. Beims, 132 So.2d 228 (Fla.2d DCA 1961); Chipola Nurseries, Inc. v. Division of Administration, Department of Transportation, 335 So.2d 617 (Fla.1st DCA 1976). The final judgment on the pleadings in this cause terminated that instant action in the lower tribunal and fixed the liability for attorney’s fees pursuant to Section 627.428, Florida Statutes (1979), and case law. Whitfield v. Century Insurance Company of New York, 281 So.2d 569 (Fla.3d DCA 1973); Nigaglioni v. Century Insurance Company of New York, 281 So.2d 570 (Fla.3d DCA 1973). Any further complaint directed to the re-arbitration would have to be initiated by a new proceeding in the circuit court.
Therefore, finding that the judgment on the pleadings being final in nature,[1] we hold that, same is the proper subject of review by appeal in this court.
Turning to the merits of the cause, we find that the arbitrators failed to discharge their responsibility under the order of arbitration and, therefore, we affirm the action of the trial judge in ordering the matter returned to arbitration; but we modify same to direct that the matter be returned to the same arbitrators with directions to render a proper award either upon the record as theretofore made before them or upon the taking of such additional testimony and evidence as they may deem appropriate.
Therefore, the final judgment under review be and the same is hereby affirmed as modified.

. The Legislature is without authority by statute to alter the Constitutional right of this court to review final judgments rendered by trial courts within its geographical jurisdiction.