544 So.2d 1049 (1989)
Kathleen LEAF, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 88-0236.
District Court of Appeal of Florida, Fourth District.
May 24, 1989.
Rehearing Denied July 14, 1989.
*1050 Lee B. Gartner of Law Offices of Lee B. Gartner, P.A., Fort Lauderdale, for appellant.
Richard A. Sherman and Rosemary Wilde of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Appellant, Kathleen Leaf, filed a petition to compel arbitration against appellee State Farm, which filed an answer, alleging that it had not agreed to arbitration pursuant to the terms of the insurance policy. The issue of whether State Farm had agreed to arbitration was tried before a jury, which returned a verdict finding that State Farm had consented to arbitration of the claim in question.
State Farm filed a motion to strike Leaf's claim for attorney's fees on the ground that there was no statutory or contractual basis for the claim for attorney's fees. The motion was granted. A motion for a rehearing of the court's striking of Leaf's motion for attorney's fees was denied. Thereafter, the trial court entered a final judgment granting Leaf's petition to compel arbitration but striking Leaf's claim for attorney's fees.
We disagree with State Farm's contention that section 627.727(8) governs in the instant case. In our view that statutory section specifically deals with disputes involving whether the uninsured motorists coverage insurer is liable for insurance benefits given the facts of a particular claim. The pleadings filed in the instant case clearly show that Leaf's action against State Farm did not constitute a request for payment of uninsured motorists coverage benefits but rather a demand that the determination of the amount of such benefits be arbitrated rather than litigated. We perceive this to be a case falling within the parameters of chapter 682, The Arbitration Code, of the Florida Statutes and not the uninsured motorist coverage provision of chapter 627. Leaf's pleadings and oral argument establish that while chapter 682 provided the remedy, section 627.428 justified the attorney's fee. We agree.
Although this court in State Farm Mutual Automobile Insurance Co. v. Anderson, 332 So.2d 623 (Fla. 4th DCA 1976), cert. denied, 345 So.2d 428 (Fla. 1977), did not specifically adopt the Third District Court of Appeal's "reasonably necessary to pursue the insurance claim" standard, set forth in Nigaglioni v. Century Insurance Company of New York, 281 So.2d 570 (Fla. 3d DCA 1973) and Whitfield v. Century Insurance Company of New York, 281 So.2d 569 (Fla. 3d DCA 1973), for the awarding of attorney's fees pursuant to section 627.428 in actions to compel arbitration, such a standard comports with the purpose of said statute. In Employees Insurance Company v. Battaglia, 503 So.2d 358, 360 (Fla. 5th DCA 1987), it was held that the purpose of section 627.428, Florida Statutes is "to penalize a carrier for wrongfully causing its insured to resort to litigation to resolve a conflict when it was reasonably within the carrier's power to do so." (Citations omitted.)
A review of the record discloses that State Farm's failure to respond to Leaf's letter advising it of her selection of an arbitrator could be deemed to have *1051 wrongfully caused Leaf to resort to litigation to resolve a conflict which was reasonably within State Farm's power to resolve. The jury's decision in favor of Leaf impliedly determines that State Farm's claims representative's failure to respond to Leaf's communication regarding her selection of an arbitrator made it reasonably necessary for Leaf to pursue through litigation her insurance claim for benefits. We reverse and remand for the determination of a reasonable attorney's fees award.
GLICKSTEIN, GUNTHER, JJ., and ROBINSON, STEVEN D., Associate Judge, concur.