561 So.2d 1302 (1990)
LATIN AMERICAN PROPERTY & CASUALTY INSURANCE COMPANY, Appellant,
v.
Anibal PASTOR, Appellee.
Nos. 89-1761, 89-1104.
District Court of Appeal of Florida, Third District.
May 29, 1990.
Canning & Murray, C. Robert Murray, and Jose M. Companioni, Miami, for appellant.
Bernard P. Goldfarb, Lawrence & Daniels, Adam Lawrence, Magill & Lewis, and R. Fred Lewis, Miami, for appellee.
Before FERGUSON, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, Latin American Property & Casualty (Latin American), appeals an order establishing a special protocol for arbitration. Appellee, Anibal Pastor (Pastor), *1303 the insured, cross-appeals the denial of attorney's fees under Section 627.428(1), Florida Statutes (1989). We affirm in part, and reverse in part.
Pastor sought coverage for personal injuries in an automobile accident under two separate policies issued by Latin American. Pastor and Latin American disagreed on the amount of coverage. Pastor sued to compel Latin American to proceed to arbitration pursuant to the insurance contracts.
Pastor's action to compel arbitration was originally dismissed, and he appealed to this court. During that appeal, Latin American confessed error. Pastor v. Latin American Property & Casualty Insurance Company, 534 So.2d 820 (Fla. 3d DCA 1988). On remand, the trial court entered a final judgment in favor of Pastor, compelling Latin American to arbitrate.
Having obtained a judgment against Latin American, Pastor then sought attorney's fees pursuant to Section 627.428(1), Florida Statutes (1989). The trial court denied Pastor attorney's fees.
Section 627.428(1) Florida Statutes (1989) provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured ..., the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the Appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
Since the statute is clear on the issue of attorney's fees, we reverse the order denying attorney's fees to Pastor. See Leaf v. State Farm Mutual Automobile Insurance Company, 544 So.2d 1049 (Fla. 4th DCA 1989); Whitfield v. Century Insurance Company of New York, 281 So.2d 569 (Fla. 3d DCA 1973).
Pastor filed a motion to establish a special protocol for arbitration. The protocol motion was granted and the trial court delineated the procedure to be followed by the arbitrators. We recognize that ordinarily a trial court does not get involved in the arbitration procedure. However, under the peculiar circumstances of this case, we find no abuse of discretion in the order establishing a protocol where the arbitrators were to specify whether the full value of Pastor's damages exceeded the policy limits, and denote in any award form how much was to be awarded under each policy. See Refinery Employees Union of Lake Charles Area v. Continental Oil Company, 268 F.2d 447 (5th Cir.1959) cert. denied, 361 U.S. 896, 80 S.Ct. 199, 4 L.Ed.2d 152 (1959). We therefore affirm the order establishing the special protocol for arbitration.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
FERGUSON and GERSTEN, JJ., concur.
COPE, Judge (specially concurring).
I entirely agree that an award of attorney's fees at this stage was authorized by the earlier decisions of this court in Whitfield v. Century Insurance Co., 281 So.2d 569 (Fla. 3d DCA 1973) and Nigaglioni v. Century Insurance Co., 281 So.2d 570 (Fla. 3d DCA 1973).
The Second District Court of Appeal has recently certified to the Florida Supreme Court the question whether an insured is entitled to recover attorney's fees incurred during arbitration proceedings. Fewox v. McMerit Constr. Co., 556 So.2d 419 (Fla. 2d DCA 1989) (en banc). That question has not been presented by the instant appeal, and consequently our decision does not foreclose an appropriate post-arbitration motion. See id.