POLEN, J.
Appellant, Pawtucket Insurance, appeals the trial court’s order awarding attorney’s fees to its insured, Appellee, Michael Manganelli. This court has jurisdiction. Fla. R.App. P. 9.030(b)(1)(A). We affirm.
The underlying action arose when Michael and Anne Manganelli were injured in a car accident in Palm Beach County and filed a claim for uninsured motorist benefits with Pawtucket, the insurance company from which the Manganellis had purchased auto insurance which included uninsured motorist coverage. The uninsured motorist provisions included an arbitration clause which provided that, unless both parties agree otherwise, arbitration would occur in the county in which the insured “lives.” Michael Manganelli requested arbitration take place in Palm Beach County, and Pawtucket maintained that Manganelli lived in New Hampshire where he listed his primary residence and where the policy was issued.[1] Manganelli brought an action for declaratory judgment. The trial court determined that Manganelli “lived” in Palm Beach County, and thus, that is where arbitration must occur. Pawtucket has not appealed that ruling.
Following arbitration, Manganelli moved for attorney’s fees and costs pursuant to sections 627.428 and 627.727(8), Florida Statutes, arguing that his suit against Pawtucket was only necessary because Pawtucket effectively denied coverage by refusing to arbitrate in Palm Beach County. The court found that Pawtucket had no basis for insisting that arbitration take place in New Hampshire under the pertinent policy language. Relying primarily on case law in which the courts have found that attorney’s fees were properly awarded where the insurer did not actually deny coverage but required something of the insurer that could place his coverage in jeopardy, the trial coui’t determined that Manganelli was entitled to attorney’s fees and costs. Bassette v. Standard Fire Ins. Co., 803 So.2d 744 (Fla. 2d DCA 2001); Leaf v. State Farm Mut. Auto. Ins. Co., 544 So.2d 1049 (Fla. 4th DCA 1989). Pawtucket now appeals the trial court’s award of attorney’s fees.
§ 627.428(1), Fla. Stat., states:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court ... shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
Section 627.727(8), Florida Statutes, provides that attorney’s fees shall not be awarded under section 627.428 in an action brought by an insured against' an uninsured motorist insurer “unless there is a dispute over whether the policy provides coverage for an uninsured motorist proven to be liable for the accident.” A court’s *423 interpretation of section 627.428, Florida Statutes, is subject to de novo review. Brass & Singer, P.A. v. United Auto. Ins. Co., 944 So.2d 252, 253-54 (Fla.2006).
In Leaf, this court held that an award of attorney’s fees was proper where the insurer insisted it had not agreed to arbitrate the insured’s uninsured motorist claim forcing the insured to file a petition to compel arbitration. 544 So.2d at 1050. We explained such an award is generally appropriate under section 627.428 when an action to compel arbitration is reasonably necessary to pursue an insurance claim. Id. We also reiterated that section 627.428 is intended to “penalize a carrier for wrongfully causing its insured to resort to litigation to resolve a conflict when it was reasonably within the carrier’s power to do so.” Id. (quoting Employees Insurance Co. v. Battaglia, 503 So.2d 358, 360 (Fla. 5th DCA 1987)). Similarly, in Sanchez v. American Ambassador Casualty Co., the Second District held that an insurer’s refusal to arbitrate a claim effectively amounts to a denial of coverage warranting an award of attorney’s fees. 559 So.2d 344, 346 (Fla. 2d DCA 1990).
Though Pawtucket did not deny coverage per se, by maintaining that arbitration had to take place in New Hampshire, it forced Manganelli to engage in litigation unnecessarily in the face of Man-ganelli’s insistence that he “lived” in Palm Beach County. Under Leaf and Sayichez, the trial court’s award of attorney’s fees in the present case is justified given Paw-tucket’s actions.
As to the other claims raised by Paw-tucket on appeal, we find no error.
WARNER, J., concurs.
HAZOURI, J., concurs specially with opinion.

. The Manganellis owned residences in New Hampshire, New Jersey, and Palm Beach County, Florida.