SHARP, Judge.
The School Board of Seminole County petitions this court for a writ of prohibition against the Hon. Robert B. McGregor, the trial judge, to prevent him from referring a matter back to the arbitrator, pursuant to Section 682.10, Florida Statutes (1979), for correction or clarification of an arbitrator’s award for back-pay due to the respondent, Lynette T. Cornelison, a teacher. We deny the petition.
The School Board was required to arbitrate this teacher’s grievance by the trial court’s order entered on March 1977. The matter concerned the teacher’s right to reemployment although she did not have tenure status, the violation as to this teacher of the School Board’s collective bargaining agreement during the 1975-76 school *695 year, and other remedies. The matter was arbitrated on June 23, 1977; the final rebuttal briefs were filed August 17, 1977; and the arbitrator’s award issued on approximately September 15, 1977. The arbitrator found the School Board violated its agreement with the teacher; he required that she be reinstated on an annual contract basis “as soon as possible” at a salary applicable for the 1976-1977 school year; and he awarded her back-pay for the 1976-1977 school year, less any earnings she had from any source during that period.
Both the School Board and the teacher filed petitions to vacate and to modify the award pursuant to Sections 682.12, 682.13 and 682.14, Florida Statutes (1979). The trial court held hearings on these matters on March 14, 1979, January 23, 1980, and March 17, 1980. He indicated he intended to confirm the award, but intended to refer the matter back to the arbitrator to determine the amount of back-pay due the teacher[1]. Because motions had been made under Sections 682.12, 682.13 and 682.14, the trial court clearly has the authority and discretion to take this proposed action[2].
The award in this case set forth guidelines, but not the actual amounts due the teacher. This should be simply and expeditiously handled within a short time period; and the reference should specify the calculations to be made by the arbitrator. The .balance of the award should be confirmed and enforced.
This case illustrates poignantly the old adage “justice delayed is justice denied.” The teacher received her “injury” in the 1975-1976 school year. In 1977 she was awarded back-pay and reinstatement, but she has received neither at this point. The “remedy” of reinstatement at the 1976-1977 salary schedule, with the ravages of inflation and devaluation of the dollar, may soon prove inadequate, and an “honor” she can no longer afford. We urge a speedy resolution of this matter.
PETITION DENIED.
CROSS and UPCHURCH, JJ., coneür.

. The petition filed is technically deficient because it does not comply with Rule 9.100(e) Florida Rules of Appellate Procedure — requiring attachment of an appendix pursuant to Rule 9.220 — which in turn requires attachment of a conformed copy of the court’s order to be reviewed. It fails to do so in this case because no order or reference to the arbitrator has yet been entered by the trial judge. The petition, however, is not being denied on that basis alone and this opinion is being written to expedite the proceedings.

. Florida Statutes § 682.10 provides that: on application of a party to the arbitration, or if an application to the court is pending under §§ 682.12, 682.13, or 682.14, on submission to the arbitrators ... by the court under such conditions as the court may order, the arbitrators . . . may modify or correct the award upon the grounds stated in § 682.-14(1)(a) and (c) or for the purpose of clarifying the award.