JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, peticionaria y recurrente, *v.* AUTORIDAD DE ENERGÍA ELÉCTRICA, demandada y recurrida.

*Número:* O-81-661      *Resuelto:* 25 de febrero de 1982

*María Susana Márquez Canals,* abogada de la peticionaria; *Nelson Márquez Lizardi, José F. Irizarry González* y *Julio Rodríguez Vilá,* abogados de la demandada.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Conforme el convenio colectivo vigente, la Autoridad de Energía Eléctrica y la Unión de Empleados Profesionales sometieron a arbitraje una controversia sobre la reclasificación de plazas de inspectores de soterrado. Se le encomendó al árbitro decidir a tenor con el Plan de

Clasificación de Plazas Profesionales y conforme a la evidencia presentada, si las plazas de Inspectores de Sistemas de Distribución Soterrada que desempeñaban cuatro empleados estaban correctamente evaluadas en los grados y puntuación asignada en los factores: (1) influencia sobre el trabajo de otros empleados, (2) condiciones de trabajo y (3) esfuerzo físico. La Autoridad había dado una puntuación de 0, 20 y 10 respectivamente.

El árbitro concluyó que a los empleados se les debió dar en la evaluación los siguientes puntos: 5, 30 y 15, respectivamente. Esta determinación significaba 20 puntos más que la evaluación original hecha por la Autoridad. Determinó además el árbitro que la plaza en cuestión debía ser reclasificada de acuerdo con el aumento en la puntuación.

Posteriormente la Autoridad solicitó del árbitro que fundamentara su decisión y éste accedió en una resolución en la que expuso sus fundamentos, pero, además, alteró la puntuación que le había adjudicado al factor III —esfuerzo físico— en el laudo del 31 de julio de 1979, aumentándola de 15 a 20 puntos por considerar que: ". . . estas funciones se realizan casi a diario en áreas de construcción donde las condiciones obligan a realizar un esfuerzo físico considerable que requiere estar continuamente de pie y caminando por áreas donde hay zanjas, excavaciones de distinto tipo, equipo pesado moviéndose de un lugar a otro, polvo y otras condiciones que al ser consideradas conjuntamente con las condiciones que se describen en las otras partes de este escrito nos llevan a concluir que el factor denominado Condiciones de Trabajo para la posición de Inspector de Sistemas de Distribución Soterrado es de *grado D* y por lo tanto su valor en puntuación es de *20 puntos*. Este valor de puntuación corrige el de 15 puntos que inadvertidamente fijamos en nuestro laudo del pasado 31 de julio de 1979, puntuación ésta que no está contemplada en el Plan de Evaluación de Puestos Profesionales."

La Autoridad se negó a cumplir el laudo y, en

consecuencia, la Junta de Relaciones del Trabajo nos solicitó que lo pusiéramos en vigor y que le impusiéramos a la Autoridad la doble penalidad sobre el diferencial en salario que dejaron de percibir los empleados en cuestión al no ser reclasificados como dispuso el árbitro.

En su comparecencia a nuestra orden sobre mostración de causa la Autoridad nos hace dos señalamientos: 1) que el laudo no puede ser puesto en vigor porque el árbitro, motu proprio y luego de ser final el mismo, reconsideró y alteró la puntuación del factor tercero y que tal actuación es una sin jurisdicción y en violación de la política pública; 2) que la doble penalidad no procede en este caso porque los empleados aquí en disputa son unos profesionales no cubiertos por el Art. 13 de la Ley Núm. 379 del 15 de mayo de 1948 (29 L.P.R.A. sec. 282) y la Sec. 30(a) de la Ley de Salario Mínimo de 1956 (29 L.P.R.A. sec. 246b(a)).

Como norma general, cuando un árbitro emite su laudo y decisión sobre la cuestión sometida a arbitraje queda impedido de pasar nuevamente sobre su dictamen. Su jurisdicción ha expirado por haber cumplido con su encomienda y cesa su facultad para ordenar la celebración de nuevas vistas, enmendar, interpretar en alguna manera el laudo emitido, o pasar juicio nuevamente sobre la cuestión, a menos que expresamente las partes así lo soliciten o la ley le conceda tal facultad. Esta es la doctrina de *functus officio*. Elkouri y Elkouri, *How Arbitration Works*, 3ra ed., Washington, The Bureau of National Affairs, Inc., 1973, págs. 239–241; C. Updegraff & W. McCoy, *Arbitration of Labor Disputes*, 2da ed., B.N.A., 1961, págs. 214–215, 36 A.L.R.3d 939; *Banks* v. *Milwaukee Ins. Co.*, 247 Cal.App.2d 34, 55 Cal. Rptr. 139 (1966).

Se reconoce, sin embargo, que la doctrina de *functus officio* no impide que el árbitro corrija errores de forma o de computación matemática siempre que sean éstos obvios. Elkouri y Elkouri, *op. cit.*, pág. 240; Updegraff, *op. cit.; United Steelworkers of America* v. *Interpace Corp.*,

447 F.Supp. 387 (1978); *School Board* v. *McGregor,* 383 So.2d 694 (1980). En cuanto a la facultad de un árbitro para aclarar su laudo véase: *La Vale Plaza, Inc.* v. *R. S. Noonan, Inc.,* 378 F.2d 569, 573 (1967).

El caso de autos trata de la corrección de un error involuntario al adjudicar una puntuación que no estaba prevista en el Plan de Clasificación de Plazas Profesionales. Dicho plan sólo provee las puntuaciones de 5, 10 y 20 puntos, por lo que la puntuación de 15 originalmente estimada por el árbitro no procedía. El árbitro sólo podía aumentarla a 20 puntos de los 10 que ya la Autoridad había aceptado, siendo, por tanto, un error matemático fácilmente corregible que no conlleva una modificación o alteración del juicio y razonamiento que sobre la controversia tenía el árbitro.

En cuanto al segundo apuntamiento, tiene razón la Autoridad. No procede el pago de una doble penalidad por tratarse de empleados profesionales. *Cf. Morales* v. *Tribunal Superior,* 84 D.P.R. 123 (1961). Notamos al respecto que la propia Junta abandonó esta reclamación en su alegato.

*Se dictará sentencia que ponga en vigor la Decisión y Orden de la Junta de Relaciones del Trabajo de Puerto Rico y en su consecuencia ordene a la Autoridad de Energía Eléctrica, sus agentes, sucesores y cesionarios, que sin excusa ni pretexto alguno y bajo apercibimiento de desacato procedan a dar cumplimiento estricto a lo siguiente:*

"[A efectuar] la reclasificación de la plaza de Inspector de Distribución Soterrada tomando en cuenta la evaluación que hizo el Árbitro de los tres factores que se le sometieron a su consideración."