520 So.2d 297 (1988)
GLEN JOHNSON, INC., and the American Insurance Company, Appellants,
v.
L.M. HOWDESHELL, INC., Appellee.
Nos. 87-215, 87-698.
District Court of Appeal of Florida, Second District.
January 22, 1988.
Rehearing Denied February 24, 1988.
*298 Eloise L. Moritz of Moritz, Dickey & Moritz, Chartered, Largo, for appellants.
Andrew White III, of Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., Tampa, for appellee.
THREADGILL, Judge.
Appellants, Glen Johnson, Inc. (Glen Johnson), and The American Insurance Company (American), appeal a final judgment of $11.045.10 plus attorney's fees of $9,717.50 entered in favor of appellee, L.M. Howdeshell, Inc. (Howdeshell), on a construction contract. We affirm the judgment but find that the trial court erred in the computation of attorney's fees by allowing compensation for services rendered in the prior arbitration proceeding.
Appellee Howdeshell, a subcontractor on a construction job, entered into an agreement with appellant Glen Johnson, a contractor, to furnish labor and materials. A dispute arose and Howdeshell filed a complaint to recover amounts due under the subcontract against Glen Johnson and American, the surety on the contractor's bond. The complaint prayed for damages and attorney's fees, pursuant to the surety agreement. Appellants requested arbitration and the trial court ordered the parties to submit their claims to arbitration. The arbitrator decided that payment was not due to the subcontractor from the general contractor until the general contractor was paid by the owner. The arbitrator dismissed the claims without prejudice because all conditions precedent to payment had not been met.
Appellee filed a motion to modify or vacate the arbitration award in circuit court. The trial court found that all conditions precedent to payment had been satisfied, entered final judgment for appellee in the sum of $11,045.10, and reserved jurisdiction to determine the amount of attorney's fees. The court after a hearing awarded appellee $9,717.50 in attorney's fees.
We agree with appellants' contention that the trial court improperly included attorney's fees for the arbitration proceeding in his award of fees against appellants. Attorney's fees for arbitration proceedings are expressly excluded by section 682.11, Florida Statutes (1985). Appellee contends that this issue was not preserved below for review and therefore we should not consider it. However, it is clear from the transcript of the fee hearing that appellant's counsel expected to argue this issue. His questions of the witnesses clearly show that he was trying to distinguish between time spent on the arbitration proceeding and time spent on the enforcement proceeding. The testimony presented demonstrates the award of fees included compensation for preparation and attendance at the arbitration proceedings which is prohibited.
We, therefore, remand for recomputation of the amount of fees awarded to exclude any time appellee's counsel expended in connection with the arbitration proceeding. In all other respects the final judgment is affirmed.
DANAHY, C.J., and SCHOONOVER, J., concur.