534 So.2d 739 (1988)
ZAC SMITH & COMPANY, INC. and Lumbermens Mutual Casualty Company, Appellants,
v.
MOONSPINNER CONDOMINIUM ASSOCIATION, INC., Appellee.
Nos. 87-1556, 88-683.
District Court of Appeal of Florida, First District.
November 2, 1988.
Rehearing Denied December 14, 1988.
*740 Robert A. Emmanuel of Emmanuel, Sheppard & Condon, Pensacola, for appellants.
Bill R. Hutto of Hutto, Nabors & Bodiford, Panama City, for appellee.
BARFIELD, Judge.
Appellants, a construction contractor and its insurer, challenge the trial court's award of attorney fees and costs against them in an order confirming an arbitration award in favor of appellee, an association of condominium owners. We reverse the award of costs, affirm the award of attorney fees against Lumbermen's Mutual Casualty Company, and remand the case to the trial court for correction of the final judgment to delete the award of attorney fees against Zac Smith & Company, Inc., and for further proceedings on the issue of costs.
Appellee sued appellants and others for construction and design deficiencies in their condominium. Appellants moved to compel arbitration of the claims against them under chapter 682, Florida Statutes, on the grounds that appellee was a third party beneficiary of the contract between the contractor and the developer.[1] The action against the other defendants was stayed pending the outcome of the arbitration.
On August 14, 1987, a panel of three arbitrators issued an award of $92,650 in favor of appellee and against both appellants. The arbitration award indicated that this amount "includes any interest that may be due," provided that the arbitrators' *741 fees and administrative fees associated with the arbitration "shall be borne equally by the parties," and stated that the award was "in full settlement of all claims submitted to this arbitration."
On August 25, appellee moved the trial court to confirm the arbitration award and to assess attorney fees and costs against appellants. The trial court entered an order confirming the arbitration award and awarding appellee fees and costs, reserving jurisdiction to determine the amount of the fees and costs. In December, the trial court entered a $138,124.19 judgment for appellee which included $29,400 in attorney fees and $16,074.19 in costs. Appellants' motion for rehearing was denied, the order recognized that the award of attorneys' fees "should be only as against Lumbermens Mutual Casualty Company, and not against Zac Smith & Company."

COSTS
Appellants assert that the arbitrators, having been informed that appellee sought costs, denied the claim for costs by entering a lump sum arbitration award in full settlement of all the claims presented to it. They contend that the trial court therefore did not have the authority to award costs, citing McDaniel v. Berhalter, 405 So.2d 1027 (Fla. 4th DCA 1981).
Appellee asserts that the dialogue between its counsel and the arbitrators at the hearing supports the trial court's ruling that the costs incurred in the arbitration proceeding were not submitted to arbitration.[2] Appellee argues that since the award was in full settlement only of the claims submitted to the arbitration, the trial court was correct in taxing the costs against appellants, and distinguishes McDaniel on the ground that it is unclear in that case whether costs were submitted to arbitration.
Under McDaniel, costs related to an arbitration are to be awarded, if at all, by an arbitration panel and not by a court. The arbitration hearing transcript is ambiguous as to why the arbitration panel did not accept the costs list at the time it was presented by appellee's counsel, but we find that the issue of costs was submitted to the arbitration panel. The arbitration award is ambiguous as to whether the arbitrators intended to include the costs in the $92,650 awarded, whether they intended to deny the claim for costs, whether they contemplated that the court would determine the issue, or whether the claim for costs was merely overlooked.
Section 682.13(1)(d), Florida Statutes, provides that the court may vacate an arbitration award when the arbitrators "refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 682.06, as to prejudice substantially the rights of the party." Section 682.06(2) provides that the parties are entitled "to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing." Section 682.13(2) provides that an application for vacation of the award must be made within 90 days of delivery of the award. Section 682.13(3) provides that in vacating the arbitration award, the court may order a rehearing before the arbitrators who made the award or their successors.
Under the circumstances of this case, and in the interest of justice, we are inclined to treat appellee's timely filed motion as one seeking partial vacation of the arbitration award on the ground that appellee was not allowed to present evidence material to the issue of the costs claim. We therefore remand the case to the trial court for further proceedings on this issue, which may include ordering a rehearing under section 682.13(3) before the arbitrators who made the award or their successors, with the instruction that they must hear appellee's evidence on the cost issue and make a determination on its claim for costs.

*742 ATTORNEY FEES
Section 682.11 provides: "Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." Appellants interpret this provision to exclude the award of attorney fees in arbitration proceedings, relying on a series of arbitration cases involving attorney fees sought in arbitrated mechanics liens foreclosure actions under section 713.29,[3] and on Glen Johnson, Inc. v. L.M. Howdeshell, Inc., 520 So.2d 297 (Fla. 2d DCA 1988).[4]
Appellee concedes that attorney fees should have been assessed only against Lumbermens and not against Smith. It argues, however, that sections 627.756 and 627.428, when read together, authorize the award of attorney fees to an "insured" when recovery is made against the surety on a building construction payment and performance bond. It points out that as an association of owners, it is deemed to be an "insured" for purposes of the insurance attorney fee provisions, and that this court held in Fitzgerald and Company, Inc. and United States Fidelity and Guaranty Company v. Roberts Electrical Contractors, Inc., 533 So.2d 789 (Fla. 1st DCA 1988), that an attorney fee under these statutes is not barred merely because the amount due the "insured" was established pursuant to arbitration rather than through a judicial determination.
We accept appellee's interpretation of section 682.11 as the more logical and as consistent with our opinion in Fitzgerald. The statute does not proscribe attorney fees in arbitration proceedings, but merely states that the arbitration panel is authorized to award all fees and costs except attorney fees. The Legislature apparently eliminated attorney fees from the subject matter jurisdiction of arbitration because the arbitrators are generally businessmen chosen for their expertise in the particular subject matter of the suit and have no expertise in determining what is a reasonable attorney fee. Loxahatchee River Environmental Control District v. Guy Villa & Sons, Inc., 371 So.2d 111 (Fla. 4th DCA 1978), cert. den., 378 So.2d 346 (Fla. 1979).
Attorney fees are authorized by sections 627.428 and 627.756 "upon the rendition of a judgment ... against a [surety] insurer and in favor of any ... insured" in a suit under "payment or performance bonds written by the insurer under the laws of this state to indemnify against pecuniary loss by breach of a building or construction contract." Appellee correctly points out that the arbitration proceedings were necessary to rendition of the judgment which triggered its entitlement to attorney fees under these provisions.[5]
Although both are used to resolve disputes among the parties involved in construction projects, the mechanics lien law and the insurance code provisions concerning performance and payment bonds are "different animals". The statutes which authorize attorney fees for parties utilizing one or the other of these remedies are also different, both in form and in their precedent conditions. In order to be entitled to an attorney fee under section 713.29, a person must prevail in an action to enforce a mechanics lien. The cases cited by appellants stand for the proposition that *743 a party who files a mechanics lien foreclosure, but then goes to arbitration and receives an award by that means, has not "prevailed in an action to enforce a mechanics lien" and is therefore not entitled to have his attorney fees paid by the opposing party.
In contrast, any insured seeking attorney fees under section 627.428 must obtain either a judgment against his insurer or payment of the claim after suit is filed, the "functional equivalent of a confession of judgment or a verdict in favor of the insured." Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d 217, 219 (Fla. 1983). An insured under an uninsured motorist insurance policy, even though he arbitrates his claim, is entitled to attorney fees for the proceedings which were necessary to obtain the judgment against his insurer.[6] An insured under a performance or payment bond is also entitled, under section 627.756, to attorney fees for the proceedings necessary to obtain the judgment against its insurer, the surety on the bond. Fitzgerald.
The trial judge correctly observed that section 627.428 is meant to "discourage the contesting of coverage by insurers and to reimburse successful policy holders when they are compelled to sue to enforce their policies." He analogized the instant case to arbitration proceedings under insurance policies providing uninsured motorist coverage, in which the courts have awarded attorney fees and costs, noting that section 627.756 makes appellee an insured under the performance bond entitled to the benefits of section 627.428. This determination is a reasonable one, and is supported by this court's recent decision in Fitzgerald. The parties agree that the judgment should be corrected to award appellee attorney fees against Lumbermens only.
Appellee's award of attorney fees against Lumbermen's Mutual Casualty Company is AFFIRMED. The award of costs against both appellants is REVERSED. The case is REMANDED for correction of the final judgment to assess attorney fees against Lumbermens only, and for further proceedings on the costs issue in conformance with this opinion.
JOANOS and WIGGINTON, JJ., concur.
NOTES
[1] In Zac Smith & Company, Inc. v. Moonspinner Condominium Association, Inc., 472 So.2d 1324 (Fla. 1st DCA 1985), this court granted appellants' petition for writ of certiorari and quashed the trial court's order denying the motion to compel arbitration.
[2] The chairman of the arbitration panel directed appellees counsel to "hold" the lists of costs because he was sure they would become important "later". Appellee interprets this to mean that the arbitrators contemplated that the court would handle the matter of adjudicating costs in the proceedings to confirm the arbitration award.
[3] Beach Resorts International, Inc. v. Clarmac Marine Construction Company, 339 So.2d 689 (Fla. 2d DCA 1976); Oakdale Park, Ltd. v. Byrd, 346 So.2d 648 (Fla. 1st DCA 1977); McDaniel v. Berhalter, 405 So.2d 1027 (Fla. 4th DCA 1981); and Heyman v. Vonelli, 413 So.2d 1254 (Fla. 3d DCA 1982). They also cite Cuevas v. Potamkin Dodge, Inc., 455 So.2d 398 (Fla. 3d DCA 1984) (involving an action under the Florida Deceptive and Unfair Trade Practices Act, section 501.201), and Buena Vista Construction Company v. Carpenters Local Union 1765 of United Brotherhood of Carpenters & Joiners of America, 472 So.2d 1356 (Fla. 5th DCA 1985) (involving attorney fees sought in an arbitrated labor dispute under section 448.08).
[4] Glen Johnson, Inc. involved a claim for attorney fees sought in an action on a surety bond.
[5] See Carter v. State Farm Mutual Automobile Insurance Company, 224 So.2d 802 (Fla. 1st DCA 1969); Nigaglioni v. Century Insurance Co. of New York, 281 So.2d 570 (Fla. 3d DCA 1973).
[6] U.S. Fidelity & Guaranty Company v. State Farm Mutual Automobile Insurance Company, 369 So.2d 410 (Fla. 3d DCA 1979); State Farm Mutual Automobile Insurance Company v. Anderson, 332 So.2d 623 (Fla. 4th DCA 1976), cert. den., 345 So.2d 428 (Fla. 1977). But see Government Employees Insurance Company v. Battaglia, 503 So.2d 358 (Fla. 5th DCA 1987).