549 So.2d 790 (1989)
INSURANCE COMPANY OF NORTH AMERICA, Appellant,
v.
ACOUSTI ENGINEERING CO. OF FLORIDA, Appellee.
No. 88-1808.
District Court of Appeal of Florida, Fifth District.
October 5, 1989.
*791 Donald E. Karraker of De Renzo and Karraker, P.A., Altamonte Springs, for appellant.
Joseph A. Lane and Janet M. Courtney, of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for appellee.
DANIEL, Chief Judge.
This is an appeal from an award of attorney's fees. We affirm.
Acousti Engineering Company of Florida, a subcontractor of the G.H. Johnson Construction Company, sued Insurance Company of North America (INA), in INA's capacity as surety on Johnson's construction payment bond, claiming that INA was liable to Acousti by reason of Johnson's failure to remit full payment pursuant to the parties' construction contract. INA moved to compel the matter to arbitration in accordance with the terms of the parties' contract and the trial court granted the motion, thus abating the pending civil suit. The arbitrators subsequently entered an award in favor of Acousti. Acousti then filed with the trial court a motion to dissolve abatement of the civil action as well as a motion for an award of attorney's fees. After conducting a hearing on Acousti's motion, the trial court entered an order awarding Acousti attorney's fees pursuant to sections 627.756 and 627.428 of the Insurance Code. See §§ 627.756, 627.428, Fla. Stat. (1987).
On appeal INA contends that it was error for the trial court to enter the award of attorney's fees because the Florida Arbitration Code does not authorize the recovery of attorney's fees. This contention is devoid of merit because attorney's fees awarded pursuant to section 627.756 are not barred merely because the amount due the insured was established pursuant to arbitration rather than through a judicial determination. Zac Smith & Company, Inc. v. Moonspinner Condominium Association, Inc., 534 So.2d 739 (Fla. 1st DCA 1988). See also Leaf v. State Farm Mutual Automobile Insurance Company, 544 So.2d 1049 (Fla. 4th DCA 1989); Fitzgerald & Company, Inc. v. Roberts Electrical Contractors, Inc., 533 So.2d 789 (Fla. 1st DCA 1988). Accordingly, the order of the trial court is affirmed.
AFFIRMED.
COBB and SHARP, JJ., concur.