556 So.2d 439 (1990)
PARK SHORE DEVELOPMENT CO., INC., a Florida Corporation, Spectrum Contracting Company, a Florida Corporation, Quality Engineered Installations, Inc., a Florida Corporation, Appellants,
v.
HIGLEY SOUTH, INC., a Florida Corporation, and Reliance Construction Company, a Florida Corporation, D/B/a Higley-Reliance, a Joint Venture, and Federal Insurance Company, a Foreign Corporation, Appellees.
Nos. 89-01338, 89-01339, 89-01359 and 89-01377.
District Court of Appeal of Florida, Second District.
January 12, 1990.
Rehearing Denied February 5, 1990.
Daryl J. Brown, Anthony J. Abate, and Steven J. Chase of Abel, Band, Brown, Russell & Collier, Chartered, Sarasota, for appellant Park Shore Development Co., Inc.
William A. Dooley of Nelson Hesse Cyril Smith Widman Herb Causey & Dooley, Sarasota, and Peter R. Spanos of Hendrick, Spanos & Phillips, Atlanta, for appellant Spectrum Contracting Co.
Kevin A. McLean of McLean & Schecht, P.A., Tampa, for appellant Quality Engineered Installations, Inc.
James F. Butler, III, of Smith Currie & Hancock, Atlanta, and Stanley E. Marable, Sarasota, for appellee Higley South, Inc., and Reliance Const. Co. d/b/a Higley-Reliance.
Hala Mary Ayoub and Dale W. Vash of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellee Federal Ins. Co.
SCHEB, Judge.
In these consolidated cases, arbitrators ordered Higley South, Inc., Reliance Construction Company, and Federal Insurance Company to reimburse Park Shore Development Co., Inc., an owner, Spectrum Contracting Company and Quality Engineered Installations, Inc., subcontractors, for legal fees incurred in arbitration proceedings. After a hearing on various motions, the trial court entered an order denying the motions seeking confirmation of the awards as to statutory attorney's fees and granting Federal's motion for summary judgment in opposition to fees. The trial judge correctly concluded he was bound by *440 our decision in Glen Johnson v. L.N. Howdeshell, 520 So.2d 297 (Fla. 2d DCA 1988), and St. Paul Fire and Marine Ins. Co. v. Sample, 533 So.2d 1196 (Fla. 2d DCA 1988).
In Fewox v. McMerit Construction Co., 556 So.2d 419 (Fla. 2d DCA 1989), this court receded from Glen Johnson and St. Paul. We held that sections 627.428 and 627.756, Florida Statutes (1987), authorize an award of attorney's fees notwithstanding section 682.11, which merely prohibits arbitrators from making such an award. Therefore, we reverse the trial court's orders and remand for further proceedings consistent with our opinion in Fewox.
As in Fewox, we certify the following question as involving inter-district conflict and being of great public importance:
DOES SECTION 682.11, FLORIDA STATUTES (1987), PROHIBIT AN AWARD OF ATTORNEY'S FEES INCURRED DURING ARBITRATION PROCEEDINGS, OR DOES IT MERELY PROHIBIT THE ARBITRATOR FROM MAKING SUCH AN AWARD?
CAMPBELL, C.J., and LEHAN, J., concur.