RYDER, Acting Chief Judge.
Raymond James & Associates, Inc. and Jimmy R. Pate challenge a final judgment confirming the arbitrators’ award of attorney’s fees in favor of Jack D. Wieneke and Paul M. Wieneke (Wienekes) in a dispute involving securities transactions. We reverse.
The Wienekes filed a complaint against Raymond James and others alleging violations of sections 517.301, 895.03(3), and 812.035, Florida Statutes, (1987), (securities fraud, RICO Act, civil theft), fraud, breach *801 of fiduciary duty, negligence and gross negligence. Pursuant to the customer’s agreements between Raymond James and the Wienekes, the claims were submitted to arbitration. A panel of three arbitrators entered an award in favor of the Wienekes for damages totalling in excess of $80,-000.00. The arbitrators also made an award of attorney’s fees in favor of the Wienekes and against Raymond James in the amount of $9,000.00.
The Florida Arbitration Code specifically takes attorney’s fees out of the broad grant of authority it gives to arbitrators. § 682.11, Fla.Stat. (1987); Fewox v. McMerit Construction Co., 556 So.2d 419 (Fla. 2d DCA 1989); Zac Smith & Co., Inc. v. Moonspinner Condominium Association, Inc., 534 So.2d 739 (Fla. 1st DCA 1988). Consequently, arbitrators cannot award attorney fees. When the case is taken to the trial judge for confirmation, however, the judge may then assess fees. Fewox.
Upon reconsideration by the trial judge of the petition for attorney’s fees in this case, if there exists a contract or statute which allows the parties to be awarded fees on the underlying law suit, the trial judge may then award fees. Fewox. If there is no contract or statute allowing an award of fees, then the parties are not entitled to an award.
The case is reversed with regard to the confirmation of the award of attorney’s fees and remanded for further proceedings consistent with this opinion.
Reversed and remanded.
FRANK and ALTENBERND, JJ., concur.