579 So.2d 77 (1991)
INSURANCE COMPANY OF NORTH AMERICA, Petitioner,
v.
ACOUSTI ENGINEERING COMPANY OF FLORIDA, Respondent.
FEDERAL INSURANCE COMPANY, Petitioner,
v.
PARK SHORE DEVELOPMENT COMPANY, INC., et al., Respondents.
McMERIT CONSTRUCTION COMPANY, et al., Petitioners,
v.
Robert D. Fewox, et al., Respondents.
Nos. 74976, 75618 and 75619.
Supreme Court of Florida.
May 2, 1991.
*78 Donald E. Karraker of De Renzo and Karraker, P.A., Altamonte Springs, for petitioner, Ins. Co. of North America.
Joseph A. Lane of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for respondent, Acousti Engineering Co. of Florida.
Hala Mary Ayoub and George A. Vaka of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, and Stanley E. Marable, Sarasota, for petitioner, Federal Ins. Co.
Kevin A. McLean of McLean and Schecht, P.A., Tampa, for respondent, Quality Engineered Installation, Inc.
Hala Mary Ayoub and George A. Vaka of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, Florida, for petitioners, McMerit Const. Co. and McCarthy Const. Co.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for respondents, Robert D. Fewox and Adalia Bayfront Condominium Partnership of Florida.
PER CURIAM.
We have for review three consolidated cases, Insurance Co. of North America v. Acousti Engineering Co., 549 So.2d 790 (Fla. 5th DCA 1989); Fewox v. McMerit Construction Co., 556 So.2d 419 (Fla. 2d DCA 1989); Park Shore Development Co. v. Higley South, Inc., 556 So.2d 439 (Fla. 2d DCA 1990), all of which present the issue of whether a subcontractor or owner who prevails in arbitration proceedings against a contractor or its surety on the construction payment or performance bond is entitled to recover, from the surety, an award of attorney's fees for fees incurred during arbitration. We have jurisdiction in Acousti Engineering based on article V, § 3(b)(3), Florida Constitution and in Fewox and Park Shore based on article V, § 3(b)(4), Florida Constitution.
Although each of the three cases contain minor factual differences, the following is a general summary of the relevant facts which is sufficient for our purposes. The respondents in each of the consolidated cases, who include owners and subcontractors, brought suit against the petitioner contractors and/or the petitioner insurance companies in their capacity as sureties on the respective payment or performance bonds. Arbitration was sought in accordance with the parties' contracts. Arbitration awards were entered in favor of the respondents in each case. Each of these awards was paid by either the insurer or the contractor before a judgment confirming the awards was entered by the circuit court. In all three cases, the respondents sought an award of attorney's fees pursuant to sections 627.428 and 627.756, Florida Statutes (1987).[1]
*79 In Acousti Engineering, an award of attorney's fees was entered by the trial court. The award was upheld by the Fifth District Court of Appeal which held "attorney's fees awarded pursuant to section 627.756 are not barred merely because the amount due the insured was established pursuant to arbitration rather than through a judicial determination." 549 So.2d at 791.
In Fewox, the trial court denied the motion for attorney's fees and, in Park Shore, the trial court refused to confirm an award of attorney's fees which was included in the arbitration award. In both of those cases, the Second District Court of Appeal reversed the trial court, holding that "sections 627.428 and 627.756, Florida Statutes (1987), authorize an award of attorney's fees [incurred during arbitration] notwithstanding section 682.11,[2] which merely prohibits arbitrators from making such an award." Park Shore, 556 So.2d at 440. The Second District certified its decision in Fewox as in conflict with the decisions of various district courts of appeal. 556 So.2d at 423. See, e.g., Cuevas v. Potamkin Dodge, Inc., 455 So.2d 398 (Fla. 3d DCA 1984) (stating that section 682.11 prohibits an award of attorney's fees for services rendered during arbitration); Buena Vista Constr. Co. v. Carpenters Local Union 1765, 472 So.2d 1356 (Fla. 5th DCA 1985) (stating that section 628.11 excludes attorney's fees for the actual arbitration and only allows for the recovery of costs in subsequent proceedings to confirm or set aside an arbitration award); State Farm Mut. Auto. Ins. Co. v. Anderson, 332 So.2d 623 (Fla. 4th DCA 1976) (same), cert. denied, 345 So.2d 428 (Fla. 1977); but see Zac Smith & Co. v. Moonspinner Condominium Ass'n, 534 So.2d 739 (Fla. 1st DCA 1988) (in accord with decisions under review); Fitzgerald & Co. v. Roberts Elec. Contractors, Inc., 533 So.2d 789 (Fla. 1st DCA 1988) (also in accord). The district court went on to certify the following questions as being of great public importance:[3]
DOES SECTION 682.11, FLORIDA STATUTES (1987), PROHIBIT AN AWARD OF ATTORNEY'S FEES INCURRED DURING ARBITRATION PROCEEDINGS, OR DOES IT MERELY PROHIBIT THE ARBITRATOR FROM MAKING SUCH AN AWARD? DO THE ATTORNEY'S FEES RECOVERABLE UNDER SECTION 627.428 [AND 627.756, FLORIDA STATUTES (1987)] INCLUDE THOSE INCURRED DURING ARBITRATION PROCEEDINGS?
556 So.2d at 423, 424. Although not certified by the Fifth District in Acousti Engineering, our answers to these questions serve to resolve the conflict which is the basis of our jurisdiction in that case.
After considering the arguments of the parties and reviewing the decisions below as well as the various decisions which appear in conflict, we agree with the construction given the statutes at issue by the courts below and adopt the thorough and well-reasoned en banc opinion of the Second *80 District in Fewox as our own. Therefore, consistent with that opinion, we answer the second question certified in the affirmative. As to the first question certified, we agree that section 682.11 does not proscribe the award of attorney's fees incurred during arbitration but rather merely prohibits arbitrators from awarding such fees.
Accordingly, we approve the decisions of the Second District in Fewox and Park Shore and of the Fifth District in Acousti Engineering and disapprove the decisions in Buena Vista Construction Co., Anderson, and Cuevas to the extent they conflict with the Second District's decision in Fewox.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Sections 627.428(1) and 627.756 provide, in pertinent part:

627.428 Attorney's fee. 
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any ... insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or ... the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
627.756 Bonds for construction contracts; attorney fees in case of suit.  Section 627.428 applies to suits brought by owners, subcontractors, laborers, and materialmen against a surety insurer under payment or performance bonds written by the insurer under the laws of this state to indemnify against pecuniary loss by breach of a building or construction contract. Owners, subcontractors, laborers, and materialmen shall be deemed to be insureds or beneficiaries for the purposes of this section.
[2] Section 682.11, Florida Statutes (1987), provides:

Fees and expenses of arbitration.  Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.
(Emphasis added.)
[3] The first question certified was also certified in Park Shore Development Co. v. Higley South, Inc., 556 So.2d 439, 440 (Fla. 2d DCA 1990).