PER CURIAM.
The state appeals from a sentence imposed below the guidelines range and a minimum mandatory sentence imposed by statute. We reverse.
Appellee was charged with purchasing cocaine within 1,000 feet of a school in violation of 893.13(l)(e), Fla.Stat. (1989). He pled guilty to the charge, and sought a downward departure from the three year minimum mandatory sentence imposed by that statute. The trial court withheld adjudication of guilt, sentencing appellee to three (3) years probation. The court based its departure from the guidelines and minimum mandatory sentence upon section 397.12, Florida Statutes (1989), providing for placement in a drug rehabilitation program in lieu of other sentencing alternatives.
We reverse on the authority of State v. Ross, 447 So.2d 1380 (Fla. 4th DCA 1989); State v. Scates, 585 So.2d 385 (Fla. 4th DCA 1991); State v. Jenkins, 584 So.2d 127 (Fla. 4th DCA 1991); and State v. Baumgardner, 587 So.2d 1147 (Fla. 4th DCA 1991). We again certify the following question to be of great public importance:
MAY A TRIAL COURT PROPERLY DEPART FROM THE MINIMUM MANDATORY PROVISIONS OF SECTION 893.13(l)(e), FLORIDA STATUTES (1989), UNDER THE AUTHORITY OF THE DRUG REHABILITATION PROVISION OF SECTION 397.12, FLORIDA STATUTES (1989)?
REVERSED and QUESTION CERTIFIED.
GLICKSTEIN, C.J., and POLEN and FARMER, JJ., concur.