591 So.2d 956 (1991)
RAYMOND, JAMES & ASSOCIATES, INC., Appellant,
v.
Jack D. WIENEKE and Paul M. Wieneke, Appellees.
No. 90-03227.
District Court of Appeal of Florida, Second District.
November 1, 1991.
Rehearing Denied December 5, 1991.
*957 Guy M. Burns and Rebecca Henson Huboda of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, for appellant.
Alice Elizabeth Warwick and Pamela Reynolds of Warwick, Reynolds & Cope, P.A., Coral Gables, and Carolyn A. Pickard of The Law Offices of Carolyn Anne Pickard, Miami, for appellees.
ALTENBERND, Judge.
Raymond, James & Associates, Inc., appeals an award of attorneys' fees by the trial court after remand from this court in Raymond, James & Associates, Inc. v. Wieneke, 556 So.2d 800 (Fla. 2d DCA 1990). We affirm the trial court's decision to grant attorneys' fees, but reverse the award because it exceeds the maximum amount awardable under the fee agreement between the Wienekes and their attorneys. See Lane v. Head, 566 So.2d 508 (Fla. 1990); Orlando Regional Medical Center, Inc. v. Chmielewski, 573 So.2d 876 (Fla. 5th DCA 1990), review denied, 583 So.2d 1034, 1036 (Fla. 1991).
The Wienekes filed a complaint against Raymond James and others, alleging a claim under section 517.301, Florida Statutes (1987), as well as other statutory and common law theories. As described in earlier appeals, that complaint was referred to binding arbitration.[1] The arbitrators returned several monetary awards in favor of the Wienekes, including an award of $22,421 against Raymond James. The written award of the arbitrators states that they "determined to make an award in favor of the Claimants and against [Raymond James] for attorneys' fees."
On remand from the last appeal, the trial court determined that the language of the award was sufficient to authorize an award of fees pursuant to chapter 517. We agree. When arbitrators are presented with several theories, one or more of which permit an award of attorneys' fees, the arbitrators are certainly authorized to inform the parties whether the award is based upon a theory that will entitle the claimant to an award of attorneys' fees in a subsequent court proceeding. Although the monetary award in this *958 proceeding is less than what a judge would probably award under section 517.301, Raymond James did not establish that the entitlement to attorneys' fees or the monetary award must be vacated or modified under the limited authority granted to trial courts for that purpose. § 682.13-.14, Fla. Stat. (1989). Accordingly, the trial court correctly decided that the arbitrators had validly determined an entitlement to attorneys' fees under chapter 517.
At an initial hearing on attorneys' fees, the trial court decided to award fees of $10,436, based upon the amount of the award against Raymond James and the contingency fee contract which entitled the Wienekes' attorneys to 40% of the recovery. On rehearing, the trial court awarded a larger fee because it concluded this case was a "public policy enforcement case" under the authority of Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990).[2] Although we perceive some ambiguity in the definition of a "public policy enforcement case," we do not agree that litigation concerning securities transactions under chapter 517 falls within that definition.
In Quanstrom, the supreme court divided attorneys' fee cases into three categories: 1) public policy enforcement cases; 2) tort and contract claims; and 3) family law, eminent domain, and estate and trust matters. Quanstrom, 555 So.2d at 833. The attorneys' fees available under section 517.211(6), Florida Statutes (1987), clearly fall within either the first or second category. "Public policy enforcement cases" typically involve discrimination, environmental, or consumer protection issues. As we understand Quanstrom, the attorneys' fees in such cases are permitted to exceed a contingency contract because: 1) the damages suffered by one client may frequently be modest; 2) the time and effort to pursue the claim may often be substantial; and 3) the public policy at issue is sufficiently vital that the state would need to create a bureaucratic structure to remedy such small claims unless private attorneys are encouraged to enforce these laws for the benefit of all citizens.
Although it is arguable that securities transactions involve consumer protection issues in the broadest sense, we do not believe they typically involve the factors that authorize fees under the first Quanstrom category. They are more akin to the stockholder's derivative suits that the supreme court has placed into the second category. Lane, 566 So.2d at 510 n. 4. We do not believe that the state has any compelling reason to promote securities litigation involving small amounts in controversy. We note that the statutory authorization for fees in section 517.211(6) allows a trial court to deny fees if an award would be unjust. As a result of this holding, we conclude that the Wienekes' successful claim under section 517.211(6) entitles them to recover attorneys' fees under category two.
In this case, the Wienekes were obligated to pay a contingency fee of 40% of their recovery to their attorneys. Under existing market conditions, the attorneys were willing to provide their services for this amount. If a larger amount were awarded, either the Wienekes would receive a windfall or their attorneys would receive a fee in excess of their contractual agreement. The contract does not contain any clause permitting a greater fee if set by court. See Chmielewski. Since the parties agreed at oral argument before this court that the maximum fee under the contractual limitation is the amount initially established by the trial court prior to the rehearing, we reverse for entry of a final judgment based on that amount.
Affirmed in part, reversed in part and remanded.
SCHEB, A.C.J., and FRANK, J., concur.
NOTES
[1] Raymond, James & Assocs., Inc. v. Wieneke, 556 So.2d 800 (Fla. 2d DCA 1990); Wieneke v. Raymond, James & Assocs., Inc., 495 So.2d 869 (Fla.2d DCA 1986); Raymond, James & Assocs., Inc. v. Wieneke, 479 So.2d 754 (Fla. 3d DCA 1985); Raymond, James & Assocs., Inc. v. Wieneke, 479 So.2d 752 (Fla. 3d DCA 1985).
[2] Although our opinion renders moot the other problems with the attorneys' fee judgment, we note that the trial court used a "multiplier" in awarding fees and did not expressly base the award on the twelve Johnson factors which the supreme court has designated for use in a public policy enforcement case. Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 833-34 (Fla. 1990); see Lane v. Head, 566 So.2d 508, 512 (Fla. 1990) (Overton, J., specially concurring).