STONE, Judge.
We affirm a final judgment confirming an arbitration award of attorney’s fees to appellant as the prevailing party. This court, sitting en banc in Pierce v. J.W. Charles-Bush Securities, Inc., 603 So.2d 625 (Fla. 4th DCA 1992), has recognized that parties to an arbitration may confer authority on the arbitrators to determine a party’s entitlement to and the amount of such fees.
The appellant argues that here the trial court erred in confirming the award of fees because a specific agreement that the arbitrators may award fees does not appear in the record. The record of the arbitration proceedings prior to the arbitrators’ determination of appellee’s entitlement to fees has not been transcribed. Each party contends that payment for a full transcript was the other party’s burden. The appellant also asserts that it cannot be expected to demonstrate a negative (no stipulation). However, the arbitrators did make a very specific finding of fact that the parties and counsel for appellant did stipulate, in the course of the arbitration proceedings, that the arbitrators could make all determinations and findings on issues raised “including the issue of entitlement and quantum for attorney’s fees.” The arbitrators additionally noted that both sides demanded fees as the prevailing party in their pleadings.[1] The trial court, following a hearing at which no new evidence was provided, confirmed the arbitrators’ findings and award.
We conclude that it was not error for the trial court to accept the specific finding by the arbitrators, in the absence of a transcript indicating otherwise, that the parties had entered into a stipulation in the course of the arbitration proceedings. Such confirmation is in accord with the general obligation of a trial court to accept the arbitrators’ findings and award, in the absence of one of the acknowledged grounds for vacating such an award. See e.g. Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla.1989). The record before us is therefore inadequate to demonstrate error. Cf. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
The additional issue was resolved by Insurance Co. of North America v. Acousti Engineering Co., 579 So.2d 77 (Fla.1991).
DELL and WARNER, JJ., concur.

. The parties' written arbitration agreement only ambiguously specified that the arbitrators should award all “expenses” incurred by the prevailing party.