SMITH, Judge.
Walter N. Vance, III, Inc. (Vance) appeals an order denying its motion for attorney’s fees pursuant to section 713.29, Florida Statutes (1989) for legal representation performed in arbitration proceedings.[1] We affirm.
The parties entered into a residential construction contract which required them to arbitrate any disputes. Alleging untimely, defective and nonconforming work, the Freemans terminated Vance in January 1990. Vance recorded a lien against the Freeman’s property and brought a foreclosure action in circuit court. The Free-mans obtained an order staying litigation and compelling arbitration of all contract disputes. As a result of the ensuing arbitration, Vance was awarded $39,427.23 plus interest, which the Freemans immediately paid. Thereafter, Vance filed a motion in circuit court seeking attorney’s fees and costs for time spent in arbitration, which was denied. This appeal followed.
It is true that fees can be recovered for representation in arbitration proceedings compelled in insurance disputes relative to certain provisions of the Insurance Code, such as sections 627.428 and 627.756, Florida Statutes. Insurance Co. of North America v. Acousti Engineering Construction Co., 579 So.2d 77 (Fla.1991) approving Fewox v. McMerit Construction Co., 556 So.2d 419 (Fla. 2d DCA 1989). We have not overlooked appellant’s contention that the policy arguments underlying the award of fees in the cited cases should apply equally in this case. However, as the trial court found, section 713.29 cannot be compared with sections 627.428 and 627.756. Fees are not awardable under former section 713.29 unless a party prevails in an action to enforce a mechanic’s lien. A party who files a mechanic’s lien foreclosure, but then goes to arbitration and receives an award by that means, has not “prevailed in an action to enforce a mechanic’s lien” and is not entitled to have his attorney’s fees paid by the opposing party. Zac Smith & Co. v. Moonspinner *99 Condominium Association, Inc., 534 So.2d 739, 742-3 (Fla. 1st DCA 1988).
AFFIRMED.
SHIVERS and KAHN, JJ., concur.

. Section 713.29 was amended effective January 1, 1991 to include payment for services during arbitration. The underlying action in this case was instituted prior to January 1, 1991 and the trial court correctly determined that the amended section 713.29 did not control.