John E. ZATE, Plaintiff,

v.

A.T. BROD & CO., INC., et al., Defendants.

No. 93–832–CIV–T–17B.

United States District Court, M.D. Florida, Tampa Division.

Nov. 29, 1993.

Thomas R. Grady, Grady & Associates, Naples, FL, for plaintiff.

James Michael Coleman, Asbell, Hains, Doyle & Pickworth, P.A., Naples, FL, Thomas J. McCabe, Law Office of Thomas J. McCabe, New York City, for A.T. Brod & Co., Inc.

Clinton Neil Gregory, Catalano, Fisher, Gregory & Crown, Chartered, Naples, FL, for Kenneth P. Valentine, Michael Brod.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR CLARIFICATION AND/OR TO AMEND JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on a Motion for Summary Judgment of Defendants Kenneth P. Valentine and Michael Brod filed on October 15, 1993, Plaintiff John E. Zate's Cross Motion for Summary Judgment filed on November 9, 1993, and Plaintiff's Motion for Clarification and/or to Amend Judgment.

### STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment should only be granted when the moving party has demonstrated the absence of any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97, (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an essential element to that party's case, on which that party will bear the burden of proof at trial.

*Id.* 447 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 274.

The Court also held: "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial.'" *Id.* 447 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 275.

### UNDISPUTED FACTS

This cause of action was filed on April 28, 1993, by John E. Zate ("Plaintiff"). The named defendants were Kenneth P. Valentine and Michael L. Brod ("Defendants").

Factually, the complaint alleges: (1) Plaintiff submitted to arbitration with the New York Stock Exchange ("NYSE") a Statement of Claim for alleged violations of NYSE Rules 405, 408 and 342(b), breach of fiduciary duty, misrepresentations, unsuitable investments, fraud, negligence, failure to use due diligence, and violation of the Federal RICO Act; (2) the final arbitration hearing was held March 17–18, 1993; (3) Defendants were found jointly and severally liable, and Plaintiff was awarded damages totaling $294,525.00 against Defendants; (4) the Award of Arbitrators totaling $294,525.00 in favor of Plaintiff and against Defendants, includes the sum of $13,333.00 for Plaintiff to "pay his attorneys for specific costs noted in their

petition." (5) the Award of Arbitrators further states, "Otherwise parties will be responsible for their own legal fees." (6) Plaintiff filed a petition to confirm the arbitration award totaling $294,525.00 in favor of Plaintiff and against Defendants, jointly and severally, and to enter judgment taxing costs and attorney's fees; (7) Defendants paid the $294,525.00 award to Plaintiff on June 8, 1993, and Plaintiff acknowledged receipt of the award, but demanded payment of attorney's fees.

## CONCLUSIONS OF LAW

■ The "American Rule" prohibits litigants from collecting attorney's fees from losing parties absent a statutory or contractual provision. *Alyeska Pipeline Service Co. v. Wilderness Soc'y*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Limited exceptions to the American Rule, such as a willful violation of a court order, or a bad faith filing, have developed. *United Steelworkers of American v. USX Corp.*, 966 F.2d 1394 (11th Cir.1992); *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).

■ Florida Statute, Section 682.11 grants arbitrators the authority to make allocations of fees and costs, but not attorney's fees, incurred during arbitration.[1] *Fla.Stat.* § 682.11 (1990). The amount of attorney's fees must be determined by the trial court and not the arbitrators. The Florida Supreme Court in *Insurance Company of North America v. Acousti Engineering Co. of Florida*, 579 So.2d 77 (Fla.1991), held that Section 682.11 precluded arbitrators from awarding attorney's fees, but not trial courts, provided there existed a contract or statute upon which the trial court could base the award. Furthermore, the entitlement to and amount of attorney's fees is properly determined in the circuit court upon application for confirmation of the arbitrator's award. *Fewox v. McMerit Construction Company*, 556 So.2d 419 (Fla. 2d DCA 1989) (en banc) approved sub. nom., *Insurance Company of*

*North America v. Acousti Engineering Co. of Florida*, 579 So.2d 77 (Fla.1991).

In the instant case, Plaintiff's claims were based upon several theories of recovery, including violations of NYSE Rules 405, 408 and 342(b), breach of fiduciary duty, misrepresentations, unsuitable investments, fraud, negligence, failure to use due diligence, and violation of the Federal RICO Act. Some are statutory, entitling Plaintiff to recover attorney's fees, and others are based on common law, providing no basis for an award of attorney's fees. The arbitrators returned an award in favor of Plaintiff, but did not state which claims the award was based upon.

In *Pharmacy Management Services, Inc. v. Perschon*, 622 So.2d 75 (Fla. 2d DCA 1993), the court held that "when arbitrators are presented with several theories, one or more of which permit an award of attorney's fees, the arbitrators are certainly authorized to inform the parties whether the award is based upon a theory that will entitle the claimant to an award of attorney's fees in a subsequent court proceeding." *Perschon* at 76. The trial court cannot determine if an award of attorney's fees is appropriate when arbitrators fail to identify the claims upon which their award is based. *Id.* at 76.

In *Perschon*, the arbitrators failed to award attorney's fees and failed to specify the claims upon which the award was based; thus, the trial court, in granting an award of attorney's fees, had no basis for determining what kind of claim the arbitration award was based upon. The award of attorney's fees was reversed by the Second District Court of Appeal. *Id.* at 76–77. Furthermore, the district court in *Perschon* states that the claimant failed to file a motion requesting clarification by the arbitrator on the theory of recovery. *Id.* at 76.

Plaintiff contends that *Raymond, James & Associates, Inc. v. Wieneke*, 591 So.2d 956 (Fla. 2d DCA 1991), and not *Perschon*, controls. In both *Wieneke* and the instant case, the arbitrators did not state the underlying

---

1. Florida Statute, Section 682.11 states:
   Unless otherwise provided in the agreement or provision for arbitration, the arbitrator's and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.

**30**

claim which the award was based upon. However, *Wieneke* is distinguishable from the instant case. In *Wieneke*, the arbitrators awarded attorneys fees, while in the instant case, the arbitrators did not award attorney's fees.

In *Wieneke*, the trial court concluded that because the arbitrators found an entitlement to attorney's fees existed, one or more of the claims upon which the arbitration award was granted must have been a basis for granting attorney's fees as well. The district court in *Wieneke* upheld the trial court's determination to award attorney's fees.[2] *Wieneke* at 958.

■ In the instant case, because the arbitrators did not award attorney's fees, and furthermore, gave no indication of the type of claim the award was based upon, the predicate has not been laid for this court to award attorney's fees.

The Court finds that Defendants have sustained their burden of showing that no genuine issues of material fact remain in this dispute. Having thoroughly reviewed the record in this case, this Court grants summary judgment to Defendants. Furthermore, because no award of attorney's fees may be granted to Plaintiff, the issue of Plaintiff's Motion for Clarification and/or to Amend Judgment is moot. Accordingly, it is

**ORDERED** that Defendants' motion for summary judgment be **GRANTED;** it is further

**ORDERED** that Plaintiffs' motion for summary judgment be **DENIED,** and the Clerk of the Court be **DIRECTED** to enter judgment for Defendants and against Plaintiff; it is further

**ORDERED** that Plaintiff's Motion for Clarification and/or to Amend Judgment is **DENIED.**

**DONE and ORDERED.**

---

2. The district court upheld the trial court's determination that attorney's fees were appropriate, but remanded the issue of amount back to the trial court. *Wieneke* at 958.