642 So.2d 24 (1994)
DADE COUNTY POLICE BENEVOLENT ASSOCIATION, Appellant,
v.
CITY OF HOMESTEAD, Florida, Appellee.
No. 94-382.
District Court of Appeal of Florida, Third District.
August 9, 1994.
Rehearing Denied September 28, 1994.
Slesnick & Carey and Donald D. Slesnick, Miami, for appellant.
Weiss, Serota & Helfman and Barbara J. Riesberg and Joseph H. Serota, Miami, for appellee.
*25 Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
BASKIN, Judge.
The Dade County Police Benevolent Association appeals an order vacating an arbitration award on motion of the City of Homestead. We reverse.
The court vacated the award based on a finding that the arbitrator exceeded his power pursuant to section 682.13(1)(c), Florida Statutes (1993). The award followed an arbitration proceeding on an employee's grievance that he was improperly demoted. The award states that "just cause" existed for the grievant's demotion; however, the award apparently and inconsistently concludes that the demotion penalty was "too excessive and severe." Thus, the award is susceptible of both a finding that "just cause" did exist for the demotion as well as an opposite finding that it did not exist. Logically, if "just cause" existed for the demotion, the demotion would not have been excessive or too severe. "Under Florida law, ... arbitration is a favored means of dispute resolution and courts indulge every reasonable presumption to uphold proceedings resulting in an award." Roe v. Amica Mut. Ins. Co., 533 So.2d 279, 281 (Fla. 1988). Here, however, the award is patently ambiguous, thereby precluding the trial court from rendering meaningful consideration of the motion to vacate the award. The trial court, therefore, should have remanded the matter to the arbitrator for clarification, § 682.10, Fla. Stat. (1993),[1] or vacated the award and ordered a rehearing. § 682.13(3), Fla. Stat. (1993). See Zac Smith & Co. v. Moonspinner Condominium Ass'n, Inc., 534 So.2d 739 (Fla. 1st DCA 1988) (where award is ambiguous as to arbitrators' intent concerning costs claim, case remanded to trial court for further proceedings which may include ordering a rehearing before arbitrators); District School Bd. of St. Johns County v. Timoney, 524 So.2d 1129, 1131 (Fla. 5th DCA 1988) (if trial court finds that arbitration award was a nullity, the remedy is to remand for further consideration to arbitration panel). See generally Davidson v. S.S. Jacobs Co., 93 So.2d 731, 735 (Fla. 1957) (where arbitration report is, inter alia, not "in clear explanatory language," report is improper and amounts to no arbitration, remand to arbitration panel necessary).
Accordingly, we hold that the trial court erred in merely vacating the award; we reverse the order and remand with directions that the trial court order the arbitrator to revisit the matter for clarification.
Reversed and remanded.
NOTES
[1] "If an application to the court for ... vacation ... of an arbitration award is pending, on submission to the arbitrators... by the court under such conditions as the court may order, the arbitrators ... may modify or correct the award for purposes of clarifying the award... ." 4 Fla. Jur.2d Arbitration and Award § 77 (1994); School Bd. of Seminole County v. McGregor, 383 So.2d 694, 695 (Fla. 5th DCA 1980) (trial court has authority to refer matter back to arbitrator upon 682.13 motion); Ainsworth v. Skurnick, 909 F.2d 456, 457 (11th Cir.1990) ("When an arbitration award can be interpreted in a variety of ways, it is normal to remand for clarification.").